SPEARS & KATTMANN ET AL. V. NETHERLANDS FIRE INSURANCE
COMPANY.

Decided March 10, 1903.

**1.—Set-Off—Contract of Agency—Insurance.**

Where an insurance company sued its agents for moneys collected by them on policies under a contract of agency, defendants were entitled to plead in set-off a specific sum of money paid by them to plaintiff in consideration of its further contract, made subsequent to the original, but during its existence, to enlarge its line of business so as to include additional kinds of property, which contract plaintiff had wholly failed to perform,—such new contract being merely an enlargement of the original, and the two transactions being so related as to authorize even the set-off of an unliquidated demand.

**2.—Same—Equitable Grounds of Set-Off.**

Under defendants' allegations of the nonresidence of plaintiff and of a total lack of remedy in case the set-off be not allowed, it seems that it should have been allowed, even if the contracts were entirely separate and distinct.

Appeal from the County Court of Harris. Tried below before Hon. E. H. Vasmer.

*Byers & Byers*, for appellant.

*Watkins & Jones*, for appellees.

GILL, ASSOCIATE JUSTICE.—This suit was brought by the appellee insurance company against Spears & Kattmann to recover $315, alleged to have been collected by them on fire insurance policies as agents of appellee, and wrongfully withheld by them from the company. Spears & Kattmann had given bond for the faithful performance of their duties as agents of appellee, and the sureties on the bond were also made defendants to this suit.

Spears & Kattmann answered, admitting the collection and detention of the money as alleged and conceding the right of appellee to a judgment therefor. But, in offset and reconvention, they alleged that, subsequent to the date of the bond and contract of agency sued on, they entered into an agreement with the company whereby, in consideration of the sum of $299.20 paid to the company by the said agents, the company agreed to enlarge its line of insurance and permit the agents to write policies on cotton in compresses, and upon cotton seed and its products and other property not necessary to be here mentioned. That, in consideration of this agreement and the enlarged field of business which would thus be opened to them, they paid the said sum of $299.20. That thereafter the company failed and refused to allow them to enlarge their line of insurance risks, but instead thereof, curtailed the same, and shortly thereafter withdrew from the State of Texas and ceased to do business therein. That the purpose to so withdraw had been formed when the contract of agency was made, but was unknown to appellants. That appellee is a foreign corporation which has ceased

to do business in this State. That its domicile is The. Hague, Holland, to which country it has retreated. That it has no property in this State, and no person or agent in this State upon whom binding service can be had in case appellants should seek a judgment against them in an independent proceeding, and that unless they are allowed to prosecute this cross-action they will lose their claim. They therefore pray for judgment against the company for said sum of $299.20, and that same be offset against the company's judgment against them. We have not undertaken to set out the pleading in haec verba, but have thought it sufficient for the purposes of this opinion to state its substance.

To appellant's cross-action and plea in offset, appellee specially excepted on the ground that it was an attempt to set off damages for the breach of one contract of May 24, 1900, against the amount claimed to be due plaintiff under another contract of date 1898, and that such an offset could not be lawfully allowed. The original contract of agency, which was embodied in the bond sued on, was entered into in December, 1898. The length of time the agency was to run was not stipulated. It appears, from exhibits attached to and made a part of plaintiff's petition, that some of the items for which judgment is asked was transacted by defendants as late as August, 1900. The contract ·by which this agency was enlarged is alleged to have been executed on May 24, 1900, so it fairly appears from the pleading that the new contract for which appellants are alleged to have paid the consideration was merely an enlargement and extension of the old. In fact, it was no more than the purchase of a privilege to enlarge the field of business to the greater profit of the agents.

Under the allegation of nonresidence and the total lack of remedy in case the offset is not allowed, we are inclined to think it was error to sustain the exception, even if it should be held that the contracts are entirely separate and distinct and bear no relation to each other. But under our construction of the pleadings we have no question but that the offset was allowable. If the allegation is true,—and it must be treated as true,—appellants paid a certain sum of money for a certain privilege. This privilege was never practically extended, or, if ever extended, was withdrawn before any advantage could be taken of it. There is an allegation of total failure of consideration, and a prayer for the recovery of the certain and liquidated sum paid. We think the transactions appear to be so related as to authorize even the offset of an unliquidated demand. The exception should have been overruled. For the error of the court below in sustaining the exception, the judgment is reversed and the cause remanded.

<em>Reversed and remanded.</em>