MONTGOMERY v. GALLAS. (No. 6001.)

(Court of Civil Appeals of Texas. San Antonio. April 3, 1918. Rehearing Denied May 1, 1918.)

1. SET-OFF AND COUNTERCLAIM ⟨=⟩29(2) — MATTERS ARISING OUT OF PLAINTIFF'S CAUSE OF ACTION.

Where, after default in payment of two of a series of four notes secured by a mortgage, the parties agreed to an extension of time, and possession of property was given to the mortgagee, with right to use the same for a specified work, when property should be redelivered, a cause of action for breach of such agreement arose out of the cause of action to recover on notes and foreclose mortgage, and was incident to and connected therewith, and could be set up as a counterclaim.

2. CHATTEL MORTGAGES ⟨=⟩166 — CONSTRUCTION.

Under agreement, after default in notes, that mortgagee was to take possession of the working outfit covered by mortgage and continue

to use the same in the performance. of road work for M. and P., and that profits should be paid to mortgagor or applied in liquidation of notes, the use, without objection, of the outfit in the construction of roads which mortgagor had not contracted with M. and P. to build was not wrongful, and all that mortgagee was required to pay was profits actually earned, and not the reasonable value of the use of the outfit.

3. CHATTEL MORTGAGES ⊕═165 — DEPRIVING MORTGAGOR OF USE OF PROPERTY—DAMAGES.

Where, after · completion of work under agreement that mortgagee was to take possession of the working outfit covered by mortgage and continue to use same, paying profits to mortgagor or applying same in liquidation of notes, and return of property, mortgagee by an illegal sequestration deprived· mortgagor of use .of part of the property, mortgagor was entitled to set-off and reasonable value of the use thereof from such date to the date of the trial in an action by plaintiff on the notes, although part of property of which mortgagor was deprived remained in the hands of the sheriff and was not used by the mortgagee.

Appeal from District Court, Bexar County; R. B. Minor, Judge.

Suit by W. T. Montgomery against Paul Gallas. From judgment rendered, plaintiff appeals. Judgment reformed and affirmed.

W. R. Abernathy, of McKinney, and Marshall Eskridge, of San Antonio, for appellant. Don A. Bliss, of San Antonio, and G. R. Smith, of McKinney, for appellee.

SWEARINGEN, J. Appellant, W. T. Montgomery, brought this suit to recover the amount of three notes made by appellee, all of which were past-due and unpaid, and to foreclose a chattel mortgage lien on the mules and personal property described in the mortgage. Appellee, Paul Gallas, answered, admitting the notes and mortgage, but alleged a cross-action against appellant, by which appellee sought to set off the amount of the debt evidenced by the notes. The amount alleged in the counterclaim or cross-action was very much greater than the amount of the notes. Special issues were submitted to a jury. Judgment was rendered in favor of appellant for the sum of $481.26 and a foreclosure of the mortgage lien.

In reply to appellant's cause of action based upon the three notes for $1,148.67 each and chattel mortgage, appellee admitted the cause of action, but for a cross-action alleged that appellant, on December 6, 1915, wrongfully took possession of all the property described in the said mortgage and thereby prevented appellee from finishing the work contracted with Montgomery &·Perkins, which work appellee would have completed by February 6, 1916, and for which appellee would have made a profit of $1,500. It was further alleged by appellee that the reasonable value of the use of the said property thus wrongfully seized by appellant was $1,000 a month, and that appellant unlawfully retained possession of the said property until June 22, 1916, at which time most of the property was delivered to appellee in a greatly damaged condition. The damage was assessed at $5,000. Appellee further alleged in the cross-action that in July, 1916, appellant again wrongfully deprived appellee of the possession of his said property by an illegal sequestration. A part of the property, consisting· of a few of the mules and some of the equipment, was replevied by appellee himself, but a large portion of the property, all of which was described, was replevied by appellant, while a smaller portion has never been replevied, but still remains in the possession of the sheriff, who holds same claiming a lien for costs of taking and keeping. The reasonable value of the use of the property replevied by appellant and of that held by the sheriff from the date of the seizure by virtue of the sequestration up to the day of the trial is alleged to be $10,000. Exemplary damages were also alleged and prayed for. There are other allegations in the cross-bill, but the foregoing substantially states the counterclaim, material to the questions presented for review.

To appellee's cross-action appellant answered in a supplemental petition, alleging that appellant took possession of the mortgaged property ·on December 6, 1915, under an agreement with appellee by the terms of which appellant was to continue to use the same in performing road work for Montgomery & Perkins in Collin county, Tex.; that appellant in accordance with this agreement did use the teams and equipment for said work until June 22, 1916, when appellant delivered the property in good condition to appellee. The supplemental petition alleged that all the profits made by the use of said property were paid to appellee or for his benefit either upon his order or a valid judgment of a court; that appellant received none of the profits to credit upon the three notes sued upon. The foregoing summary of the pleadings by no means presents a hæc verba version, but we think is ample for our purpose.

The sequestration was quashed. The evidence shows that appellee owed four notes of $1,148.60 each to appellant, all secured by a chattel mortgage on the teams and equipment of appellee, and all dated September 1, 1915, and maturing in 60, 90, 120, and 150 days from date respectively. On December 6, 1915, two of the notes matured and were unpaid. On that date appellee agreed with appellant for the latter to take possession of the entire outfit, all of which was at that time being used in the building of roads under subcontract with Montgomery & Perkins in Collin county, Tex. It was further agreed that all profits made by said "outfit" should be credited upon said notes or paid to the order of appellee. This agreement of December 6, 1915, was oral and made between appellee and W. T. Montgomery, appellant, and was not made with the

partnership of Montgomery & Perkins. In accordance with this agreement appellant used the outfit on various roads for Montgomery & Perkins. The entire profits earned by the outfit from July, 1915, until June 22, 1916, was $2,858.10. Of this sum appellant received $1,477.80 in payment of cash paid on the order of appellee and in liquidation of the first of the four notes, which first note is not sued for herein. All the balance was paid by Montgomery & Perkins on the order of appellee except about $548.38, which was paid to satisfy a garnishment judgment in favor of Marucheau Grain Company against Montgomery & Perkins. On June 22, 1916, appellant delivered the outfit to appellee. At this time the three notes were past due and unpaid and secured by the chattel mortgage. Appellee moved a part of the "outfit" to Kaufman county, a part to Henderson county, and left a part in Collin county. In July, 1916, appellant caused all the property to be seized by sequestration proceedings. He himself replevied that part seized in Kaufman county, and used same for profit from that time until the date of the judgment herein. The reasonable value of the use of same was $2,290. The portion seized in Collin county was not replevied by any one, but remained in the possession of the sheriff until the time of the trial. The reasonable value of this latter part, from the time seized until the date of the judgment, is $600. The balance of the outfit appellee replevied within ten days after seizure.

[1] The first assignment complains of the trial court's order overruling appellant's exception to appellee's second amended answer. The substance of the exception is that allegations in the answer which were assailed alleged an unliquidated demand that was not founded upon appellant's cause of action; that did not arise out of it and was not incident to nor connected with it.

The cause of action alleged by appellant in his original petition was founded upon promissory notes made by appellee payable to appellant and upon a chattel mortgage on teams and tools executed by appellee to secure the payment of the amounts evidenced by the notes. The answer admits the appellant's cause, but, in offset or as a counterclaim, alleges that after the maturity of two of the notes appellee could not pay them, and thereupon an additional agreement for the payment of the notes was agreed to by appellant and appellee, by which supplemental agreement the time for foreclosing the chattel mortgage was extended by appellant and the possession of the mortgaged property given to appellant, with the right to use same for a specified work; it being expressly agreed that upon completion of that work in a reasonable time the property would be redelivered to appellee. The breach of this supplemental agreement is the foundation of appellee's counterclaim. The breach alleged is that in violation of the agreement appellant used the property for work other than that agreed upon and refused to redeliver the property to appellee within a reasonable time. Appellee alleged that 60 days was a reasonable time, and alleged that the property was withheld contrary to the agreement for 6 months and 20 days. The value of the use of the property for the excess period was alleged.

We think this supplemental agreement by which appellant obtained possession of the property arose out of appellant's cause of action and was incident to and connected with it. Spears & Kattmann v. Insurance Co., 31 Tex. Civ. App. 567, 72 S. W. 1018; Tyson v. Jackson Bros., 41 Tex. Civ. App. 128, 90 S. W. 930.; Bateman v. Hipp, 51 Tex. Civ. App. 405, 111 S. W. 972. We overrule the first assignment.

[2] The second assignment complains that the judgment erroneously allowed appellee an item of $1,176.40 as an offset against the amount of the notes. The judgment recites that this $1,176.40 was the reasonable value of the use of appellee's teams and equipment while in the possession of appellant for the period beginning March 6, 1916, and ending June 22, 1916. We infer from the contentions of counsel that the "outfit" was used by appellant for the first 90 days after December 6, 1915, in completion of the roads begun by appellee, and that after 90 days appellant used the "outfit" in the construction of roads that appellee had not contracted with Montgomery & Perkins to build, which, it is contended, was a wrongful use by appellant, and because of the wrongful use the court decreed the damages to be the reasonable value for the period of the unauthorized work.

In order to sustain such a decree by the court, it must have been determined by the court that the verbal agreement between appellee and appellant of December 6, 1915, by which appellant came into possession of the outfit, expressly bound appellant to use the outfit only in completion of the subcontract begun by appellee and unfinished on December 6, 1915; and further bound appellant to return the outfit to appellee upon the completion of said subcontracts. We do not believe the verbal agreement contained the limitation which the trial court must have placed upon it. On December 6th two of the four notes were past-due; nothing had been paid on any of them. Appellant could at that time have foreclosed his mortgage lien and thereby have forced the payment of his notes, or at least have caused appellee to lose his outfit, for he had no money to meet his debts nor to operate the outfit.

Montgomery offered to postpone the foreclosure and defer the collection of the notes, and further offered to procure the money for operating the outfit and also offered to advance to appellee money to maintain his family; all on condition that appellee would surrender to appellant the possession of the out-

fit. This was agreed to by appellee. It was further agreed that the profits earned by the outfit while being used by appellant should be paid to the order of appellee or be applied to the liquidation of one or more of the four notes held by appellant against appellee, or be applied to payment of the cash advanced by appellant upon appellee's order for the maintenance of the latter's family. No special work was provided for or against by the agreement, neither was any definite time for the retention of possession fixed. Appellee did not object to have his outfit used for building any of the roads on which appellant used them. Appellee seems to have received possession on June 22, 1916, by agreement with appellant, for at that time only one of the four notes was paid, the other three were still unpaid and long past due. Under the verbal agreement appellant had the right to use the "outfit" on all the construction work performed while in his possession, and by that agreement the compensation to be paid to appellee was the profits that the outfit actually earned under appellant's management. Appellant could not be charged with what might be proved to be the reasonable value of that use, for such was not the agreement.

The jury found that the entire profits earned by the outfit from July, 1915, to June 22, 1916, was $2,858.10, and further found that all of this $2,858.10 was legally paid by Montgomery & Perkins to appellee or for his debts. None of it was paid on any of the three notes herein sued upon. The item of $1,176.40 was erroneously allowed appellee as an offset to the notes sued upon herein by appellant.

The second assignment is sustained for the reasons stated, which also disposes of the third.

The fourth, fifth, sixth, and seventh assignments complain of error in the admission of testimony. The testimony was properly admitted upon the issues made. We overrule the fourth, fifth, sixth, and seventh assignments.

[3] The eighth, ninth, tenth, and eleventh assignments present error in different rulings of the trial court, but all are founded upon the general proposition that it was error to charge appellant with the reasonable value of the use of appellee's teams and equipment from July, 1916, until the time of the trial hereof.

In July, 1916, appellant sequestered all the outfit. Appellee replevied a part of it. Appellant replevied a portion and a portion was not replevied by either party, but was left in the possession of the sheriff who seized it by virtue of a sequestration writ. The sequestration was quashed upon motion. The evidence showed that appellant used that portion replevied by him. We think appellee was wrongfully deprived of the posses-

sion of the two portions of his outfit not replevied by him, and that appellant was properly charged with the reasonable value of the use of these two portions from the time appellee was deprived of their possession until the trial. The jury found the reasonable value of the use to be $2,890. This amount should have been awarded appellee as an offset against appellant's cause of action. The trial court allowed only $2,790, whereas it should have allowed $2,890.

The assignments numbered 7, 8, 9, 10, and 11 are overruled.

We have considered all of appellee's cross-assignments and overrule all of them except the seventh and eighth, which complain that the trial court allowed only $2,790 when it should have allowed $2,890. This cross-assignment is sustained.

For the reasons expressed in our review of the second assignment, we reform the judgment of the trial court by eliminating the item of $1,176.40 allowed as offset in favor of appellee; and because of the error discussed in our consideration of the seventh and eighth cross-assignments, we increase the item of $2,790 allowed by the trial court for use of the outfit after July, 1916, to $2,890.

In view of these changes, we here reform the judgment so that appellant shall recover of appellee the sum of $1,557.66, together with interest at the rate of 10 per cent. per annum from May 26, 1917, instead of $481.26. In all other respects the judgment is affirmed.