ENOCH O. GREENLIEF *vs.* JOHN R. WATSON.

Franklin.    Opinion April 6, 1891.

*Promissory Notes,—payable at a "place certain." R. S., c. 32, § 10.*

A promissory note payable at " Mt. Vernon" is not payable at a place certain, within the meaning of R. S., c. 32, § 10, so as to require that a demand of payment should be averred and proved, as a prerequisite to the maintenance of a suit thereon.

ON EXCEPTIONS.

Action by an indorsee upon the two following promissory notes :

"$23.86.                          Mt. Vernon, March 8, 1884.

On demand after date I promise to pay to the order of M. S. Mayhew, twenty-three and 86-100 dollars at Mt. Vernon, with interest.    Value received.                John R. Watson."

[Indorsed :]  "Harriet A Mayhew, Admr'x."

"$14.00.                          Mt. Vernon, October 18, 1883.

On the first day of March after date I promise to pay to the order of M. S. Mayhew, fourteen dollars at Mt. Vernon, with interest after.    Value received.                John R. Watson."

[Indorsed :]   "Harriet A. Mayhew, Adm'x."

The defendant contended, among other defenses, that the action could not be maintained without proof of a demand of payment, made at the place of payment, prior to bringing his suit ; and relied on R. S., c. 32, § 10, which reads :  "In an action on a promissory note payable at a place certain, either on demand, or on demand at or after a time specified therein, the plaintiff shall not recover, unless he proves a demand made at the place of payment prior to the commencement of the suit."  .  .  .   The presiding justice ruled that the action could be maintained, holding that Mt. Vernon was not a "place certain" within the meaning of the statute.   The verdict was for the plaintiff, and the defendant excepted to the ruling of the court.

*E. O. Greenleaf*, for plaintiff.

*H. L. Whitcomb*, for defendant.

HASKELL, J.   Assumpsit on two promissory notes payable "at Mt. Vernon;" one on demand, and the other upon a day certain.   No demand of payment of either note was averred or proved.   The law did not require it.   Neither note was made payable at a place certain, within the meaning of R. S., c. 32, § 10 ; and, if they were, the latter was not made payable there on demand.   *Stone* v. *Colburn*, 30 Maine, 32 ; *Patterson* v. *Vose*, 43 Maine, 552.

"At Mt. Vernon" cannot be considered, in this case, as a place certain.   It is the name of a town in this state, of which the court takes judicial notice.   If it were the name of a residence, or place of business, it would be otherwise.   Had George Washington made a note payable at Mt. Vernon, it would doubtless have been payable at his residence.   Where the maker of this note resided or did business does not appear.   The note is dated at "Mt. Vernon" and made payable there.   Where in the town should demand have been made?   The maker is neither shown to have lived there, nor to have had a place of business there.

There would be no utility in requiring a note, payable in Portland, or Augusta, or Bangor, to be presented in either of those places for payment, before suit could be brought upon it. It would be unnecessary trouble and a meaningless performance. The other questions were not argued and are waived.

*Exceptions overruled.*

PETERS, C. J., WALTON, VIRGIN, LIBBEY and WHITEHOUSE, JJ., concurred.