### A. T. ROSE v. E. N. McCRACKEN ET AL.

Decided March 18, 1899.

**Attorney Fees on Note—Place of Payment.**

The maker of a note in which the place of payment is left blank may, by placing funds in the hands of a bank to pay the same and notifying the holder before maturity to that effect, thereby make presentation to the bank a condition of the enforcement of the provision for attorney's fees in case the note is not paid at maturity.

APPEAL from Parker. Tried below before Hon. J. W. PATTERSON.

*Alexander & Fain* and *Vaughan & Sullenberger,* for appellant.

*Haney & McKinsey,* for appellee.

HUNTER, ASSOCIATE JUSTICE.—The conclusions of fact found by the District Court are adopted by us, and are as follows:

"1. I find that on August 26, 1892, the defendant, A. T. Rose, executed and delivered the note sued on, the same showing that it was made at Hillsboro, Texas, and thereafter the same was indorsed by Julia A. Rumage and husband, J. D. Rumage, to the plaintiff, and that plaintiff is now the owner and holder thereof.

"2. That said note was given for part of the purchase money for the land described in plaintiff's petition.

"3. That the note matured on the 1st of January, 1897; that on the 8th of January, 1897, there was paid on said note the sum of $934.32, and the time of payment thereof was extended until January 1, 1898.

"4. That on the 8th day of December, 1897, the note sued on was in the hands of Haney & McKinsey, attorneys for plaintiff, for collection, and on said day they wrote to A. T. Rose, the maker of the note, at Austin, Texas, where the said Rose resided, that they, Haney & McKinsey, held the note for collection, and that he, Rose, could send the money and release of lien to First National Bank of Weatherford, Texas, with instructions to pay over the money when said release was properly signed and acknowledged and the note delivered to said bank; that this letter was received by Rose and by him sent to T. E. Tomlinson, at Hillsboro, Texas. That on the 27th of December, 1897, the said Tomlinson wrote to Haney & McKinsey, in reply to theirs of the 8th, that if they would send the note to Citizens Bank of Hillsboro, he would pay off and discharge same. That the said Tomlinson then, as the agent of said Rose, had money in said bank to pay off and discharge said note, principal and interest, and has ever since had in said bank enough money to pay same. That if said note had been presented at said bank at maturity or any time thereafter, the same would have been paid, both principal and interest due up to the 4th of January, 1898.

"5. I find that on the 5th of January, 1898, and after they received the letter from Tomlinson, they, Haney & McKinsey, sent said note, with draft attached thereto for $601.90, that being the amount of principal and interest due on said note and 10 per cent additional as attorney's fees thereon. That the said Tomlinson as the agent for Rose refused to pay anything as attorney's fees, but was willing and ready to pay the principal and interest due on said note, and offered to pay same, but refused to pay the attorney's fees. That said note was then returned to Haney & McKinsey, and they instituted this suit.

"6. I find that since the institution of this suit the said Tomlinson, as agent for Rose, deposited with the clerk of this court the sum of $551.70 for the plaintiff, in satisfaction of the note sued on, which sum is now in the hands of said clerk. I find that since the 4th of January, 1898, the plaintiff, through his attorneys, refused to deliver up the note unless attorney's fees were paid."

Upon these facts the learned district judge concluded as follows: "The fact that the note was made at Hillsboro and so showed did not make the same payable there, and the plaintiff was under no obligations to send the same to Hillsboro for collection; and as the defendant Rose knew the note was in the hands of Haney & McKinsey for collection before the same was due, and the defendant failed to pay the same to Haney & McKinsey or to the plaintiff before maturity, and as said note was then in the hands of Haney & McKinsey, attorneys, for collection, and as same has been sued on, the defendant is liable not only for the balance of principal and interest, but is liable for attorney's fees; and an offer to pay same at Hillsboro, if plaintiff would send the note there, would not defeat the plaintiff's right to recover attorney's fees, and plaintiff is entitled to recover the balance due on said note, and attorney's fees, with a foreclosure of his lien."

To these conclusions we add the following:

The note sued on is in words and figures as follows:

"$1000.00.                          HILLSBORO, TEXAS, Aug. 26, 1892.

"On Jany. 1st, 1897, after date I promise to pay to Julia A. Rumage or order one thousand dollars, with interest at the rate of 10 per centum per annum from date at the ———, the same being in part payment of 200 acres of land out of ——————, to secure the payment of which amount the vendor's lien is retained upon the hereinbefore described property. If this note is not paid at maturity, and is collected by suit or attorney, ——— further promise to pay ten per cent additional for attorney's fees.

"A. T. ROSE."

The first assignment of error is as follows: "The District Court erred in its conclusion of law herein in holding that defendant was liable for attorney's fees upon the note sued on herein, because, being dated at Hillsboro, Texas, and no place of payment being named, that became prima facie the place of payment, and the court's conclusion of fact number 4, and the evidence, shows that defendant Rose had the money at Hillsboro with which to pay said note in full on the day of its maturity, and would have paid it, which facts were known to plaintiff, and plaintiff's failure or refusal to send the note to Hillsboro was for the purpose of collecting attorney's fees."

Under this assignment appellant's counsel make the following proposition: "Where a promissory note is payable generally, the place of date becomes prima facie the place of payment;" citing the following authorities: Bullard v. Thompson, 35 Texas, 318; 1 Dan. on Neg. Inst., 3d ed., secs. 639, 640, 90; Tied. on Com. Paper, sec, 314; Bish. on Con., sec. 1391; Cox v. Bank, 100 U. S., 704; Britton v. Nichols, 104 U. S., 757.

The second assignment is as follows: "The District Court erred in its conclusion of law in holding that the defendant was liable for attorney's fees upon the note sued for herein, because the court's conclusions of fact numbers 4 and 5, and the evidence, show that the parties had agreed on Hillsboro as the place of payment, and defendant Rose had the money in Hillsboro and would have paid the note in full on the day of maturity had it been presented, and because the note was not presented to the defendant's agent at Hillsboro until January 6th, two days after its maturity, and then with the claim of attorney's fees, and said note has never been presented to defendant free from the claim for attorney's fees; nor has any release of the vendor's lien held by said note ever been executed and tendered defendant, and defendant on the day of maturity and ever since has been ready, able, and willing to pay the full amount of the principal and interest due on said note, and tendered the same into court."

The first proposition under this assignment is as follows: "Where there is no express designation of a place of payment in the note, the

place may be fixed by agreement of the parties, and that becomes the place for presentment;" citing the following authorities: Cox v. Bank, 100 U. S., 713; Thompson v. Ketchum, 4 Johns., 285; Tied. on Com. Paper, p. 549.

The second proposition is as follows: "Where no place of payment is named, the maker of a note has the right to designate the place, and presentment must be made there;" under which the following cases are cited: Bank v. Woodford, 18 Johns., 316; Woodford v. Bank, 19 Johns., 414.

We are of opinion that both the foregoing assignments, and the above propositions of law stated thereunder, will have to be sustained. It is true, the cases cited by the learned counsel for appellant involved the question of the proper place of presentment for payment in order to fix the liability of the indorser, but there is no difference in principle between those cases and the one at bar, as all involve the question of a conditional liability, dependent upon presentation of the note for payment at the place required by law.

Of course, if the place of payment is named in the body of the note before signing, presentation at that place on the day of maturity would be sufficient for all purposes; but here a blank space is left in the note for inserting the place of payment, and while it was never inserted by the maker, he designated the place of payment at the Citizens Bank of Hillsboro, through his agent Tomlinson, and before the maturity of the note notified the attorneys of the holder and owner who held it for collection, and the holder agreed thereto, as was shown by his presenting it at that place for payment, and as the maker had placed funds there in the hands of his agent to pay the same on the day of maturity, these facts in law answered the purpose of a tender of the money due on that day, that is, the principal and interest, or at all events prevented the maker from being in default for nonpayment on the day of maturity, and consequently the right to attorney's fees never accrued.

It is therefore ordered that the judgment of the District Court be reversed, and we here now render judgment for the appellee, E. N. McCracken, for the sum of $551.70, being the amount of principal and interest due upon the note sued on on the 4th day of January, 1898, but not to bear interest, and the clerk of the District Court of Parker County is ordered to pay said amount so deposited with him in this case to the said McCracken. And it is further ordered that the appellant, A. T. Rose, go hence without day, and that he recover of and from the appellee aforesaid all his costs incurred both in this court and in the District Court aforesaid.

*Reformed and reversed as to costs.*