## A. C. BULLITT v. R. G. & H. C. CORYELL, EXECUTORS.

Decided January 20, 1905.

**1.—Deed—Covenant of Warranty—Taxes.**

From the use of the words "grant" and "convey" in a general warranty deed, the law implies a covenant that, at the time of sale, the land was free from incumbrances, which term includes taxes.

**2.—Foreclosure of Lien—Covenant of Warranty—Taxes—Offset.**

In a suit for a balance of the purchase price of land sold under a deed containing a covenant of general warranty, and to foreclose a vendor's lien, defendant is entitled to have set off, against plaintiff's demand, a sum paid for taxes due upon the land at the time of conveyance.

Error from the District Court of Harris. Tried below before Hon. Wm. H. Wilson.

*Bullitt & Lewis*, for plaintiff in error.

No briefs for defendant in error.

PLEASANTS, ASSOCIATE JUSTICE.—This suit was brought by defendants in error as independent executors of J. R. Coryell, deceased, against the plaintiff in error to recover the amount due upon a vendor's lien note for $500 executed by plaintiff in error in favor of said J. R. Coryell on the 24th day of August, 1898, and to foreclose the vendor's lien upon the land for the purchase money of which the note was given.

Defendant answered in substance that the land, in part payment of which the note sued on was given, was conveyed to him by J. R. Coryell on said 24th day of August, 1898, by deed of general warranty; that after said conveyance to him he discovered that there were unpaid taxes due upon said land at the time it was conveyed to him; that he has been forced to pay in satisfaction of said tax lien the sum of $417.05 to the County of Liberty in which county a portion of the land is situated, and there is yet due to the County of Harris upon that portion of the land situated in said county the sum of $100. He prays that both the above amounts be allowed as offsets against the amount due upon the note sued on.

The cause was tried in the court below without a jury and resulted in a judgment in favor of plaintiffs for the full amount due upon the note and foreclosure of the vendor's lien, and against defendant on his plea of offsets.

The record showed that J. R. Coryell on August 24, 1898, conveyed to Bullitt the land described in plaintiff's petition by a deed containing covenants of general warranty. This deed recites that it was executed in consideration of the sum of $1,500 to be paid by Bullitt and for which he had executed his three promissory notes each for the sum of $500, payable respectively in one, two and three years after date.

The land is situated partly in Harris and partly in Liberty County, the larger portion being in the latter county. Prior to the maturity of the first of said notes Bullitt sold that portion of the land in Liberty County for the sum of $4,000 and in part payment therefor received from the purchaser two notes for $500 each. These notes he transferred and assigned to Coryell in lieu of the first two notes given by him in the purchase of said land. Upon this exchange of notes Coryell executed a release of the Liberty County land from the lien of the three notes executed by Bullitt and also a release of the land in Harris County from lien of the two notes surrendered by Bullitt in said exchange.

In making the sale of the Liberty County land Bullitt discovered that there were unpaid taxes due thereon at the time he purchased from Coryell amounting to $417.05 and in order to clear the land from the lien of said taxes he had to pay this sum. He made this payment to the tax collector of the county on the 3rd day of April, 1901.

J. R. Coryell died testate in August, 1901, and the defendants in error are the independent executors named in his will which has been duly probated.

From the use of the words "grant" and "convey" in the deed from Coryell to Bullitt the law implies a covenant that at the time of such conveyance the land was free from incumbrances, and taxes are included in the term incumbrances as here used. There being taxes due upon the land at the time of said conveyance which Bullitt afterwards paid, he could sue upon his implied warranty and recover back from Coryell,

(Sayles' Civ. Stats., art. 633.)  His cause of action being for a breach of covenant and growing out of the same contract from which plaintiffs' cause of action arose his claim could be set off against plaintiffs' demand in this suit.

Plaintiffs could have defeated defendant's claim by showing that as a part of the consideration for the conveyance the defendant agreed to pay the taxes due upon the land, and they pleaded that such was the fact.  (Johnson v. Elmen, 1 Texas Ct. Rep., 83.)  We do not think the evidence raises this issue, and Bullitt testified that he made no such agreement.

It follows that the trial court erred in not giving the defendant judgment for the amount of the taxes shown to have been paid by him and offsetting that amount against the sum found to be due by him on the note.

The evidence as to the taxes due on the Harris County land was not sufficient to enable the court to ascertain with reasonable certainty what the amount of said taxes was and therefore judgment was properly rendered against defendant on this claim.

The judgment of the court below will be reformed by deducting therefrom the $417.05 taxes paid by defendant, with interest at 6 percent from the date of such payment, and as so reformed it is affirmed.

*Reformed and affirmed.*