### HARDING v. YARBROUGH et al.
### (No. 7730.)

Court of Civil Appeals of Texas. San Antonio.
March 16, 1927.

**1. Appeal and error ☞1040(3)—Where case was disposed of on its merits being tried by court itself, rulings on demurrer were harmless.**

Where case was in fact disposed of upon its merits, having been tried by court itself, rulings sustaining general demurrer and special exceptions to plaintiff's petition were harmless.

**2. Mortgages ☞319(2)—Evidence that maker offered to pay plaintiff holding note for collection, when abstract and trust deed release were delivered, and that plaintiff promised to comply, held improperly excluded in suit to foreclose trust deed.**

In action on note and for foreclosure of trust deed securing note, evidence that defendant had offered to pay Y., who had note for collection, amount of principal and interest due on note when abstract of title and release of trust deed was delivered, and that Y. had promised to comply with request, held improperly excluded.

**3. Bills and notes ☞534—Interest ☞50—Offer to pay note when abstract and release were surrendered did not stop full interest, but showed no suit was necessary as respects attorney's fees.**

Defendant's offer to pay note sued on before it was placed in attorney's hands for collection, when abstract of title and release of trust deed were surrendered, did not stop full interest, but showed no suit was necessary with attorney's fees to be added.

**4. Mortgages ☞298(4)—Abstract delivered to holder of note secured by trust deed should be delivered to true owner on discharge of lien.**

Where abstract is delivered to holder of note secured by lien on land, when lien is discharged, abstract with all papers concerned should be delivered to true owner, whether holder is assignee or not.

**5. Mortgages ☞415(3)—In suit on note by assignee, defendant could claim set-off for value of abstract of title delivered with note and deed of trust (Rev. St. 1925, art. 2017).**

Under Rev. St. 1925, art. 2017, where assignee sued on note and to foreclose trust deed on land securing same, defendant could claim set-off for value of abstract of title delivered, at time of execution of note and lien, to assignor and codefendant.

**6. Bills and notes ☞405—Maker of note secured by lien was not in default where note was not presented with release of lien and title abstract.**

Maker of note secured by deed of trust was not in default, where note was not presented with release of lien and the abstract of title delivered at time of execution of note and lien.

**7. Bills and notes ☞405—Assignee of note cannot demand payment when he was in default.**

Assignee of promissory note had no right to demand payment, when he himself was in default in not offering to deliver release of lien and abstract of title.

Appeal from District Court, Willacy County; A. M. Kent, Judge.

Action by C. S. Yarbrough against W. A. Harding and others, in which Harding filed a cross-action. From a judgment for plaintiff, defendant named appeals. Reversed and remanded, but judgment to be rendered for plaintiff on condition of remittitur.

Davis E. Decker, of Raymondville, for appellant.

Bennett & Anderson, of Mercedes, for appellees.

COBBS, J. The action is by appellee C. S. Yarbrough, as plaintiff, against W. A. Harding, appellant, as maker of a note and the appellee R. N. Hammond as indorser and the appellee Raymondville Trust Company as trustee in deed of trust, as defendants, for amount of note and attorney's fees and foreclosure of trust deed on lands in Willacy county, Tex. Defendant Hammond was a nonresident and did not answer; Raymondville Trust Company did not answer; defendant Harding answered admitting execution of note and denied default in payment, and set up the delivery of an abstract of title to the land, demanded its return, and tendered into court the amount of principal and interest due on the note to be paid to plaintiff when he should execute release of trust deed lien and deliver back the abstract of title. Trial was before the court, and judgment was entered in favor of plaintiff against defendant Harding for principal, interest, and attorney's fees of note, and for foreclosure of trust deed as to all defendants. Defendant Harding only has perfected appeal.

Appellee sought and was awarded upon,

proof a judgment against the appellant on a note with foreclosure of deed of trust lien, which had been transferred to him in due course, in good faith and for value, less certain credits or partial payments which had been made on said note. Appellant by cross-action sought recovery of a certain abstract of title alleged to have been delivered at the time of the execution of the note and lien to the assignor and codefendant of appellant, or to recover the value of same, alleged to be $100. The appellee filed a supplemental petition demurring generally to appellant's answer, as well as certain special demurrers and special exceptions. The general demurrer was overruled, but the special demurrers and exceptions presented and urged were sustained.

[1] The first proposition challenges the ruling of the court in sustaining a general demurrer and special exceptions to plaintiff's petition. As the case was in fact disposed of upon its merits, having been tried by the court itself, the rulings upon the demurrer therefore became in fact harmless.

The suit was upon a note and for a foreclosure of the lien described in the trust deed, which was shown to have been given to secure the payment of the note. The execution of the note was admitted, but it was claimed that at the time of the delivery of the trust deed there was delivered, contemporaneously with it, an abstract of title costing $100, with the oral understanding that the abstract of title should be returned on the payment of the note and that the trust deed provided for the release of the lien upon its payment. Appellant did not pay the note, because appellee declined to return the abstract and release the deed of trust. No actual tender of the actual money, principal, and interest due on the note was made to secure the return of the abstract and release of the lien before the suit was instituted.

The general demurrer was not sustained because that would have operated as a dismissal of the cause as a sequence, since the cause was disposed of on its merits and appellant made and filed no amendment of his petition, but rather stood on his petition; that is, on the part that remained after the court trimmed it, so to speak, and left a skeleton, or at least enough upon which the trial was had.

[2] There was error on the part of the court in excluding the testimony of appellant to the effect that he offered to pay C. F. Yarbrough, who had the note sued upon for collection and before it was placed in the hands of attorneys for collection, the amount of principal and interest due on the note when the abstract of title and release of trust deed was delivered, and that C. F. Yarbrough had promised to comply with this request. It did not constitute a tender of money, but was a demand for the return of the abstract as constituting his reason for not paying his note at the time, but a willingness to do so.

[3] The note sued upon is made payable in El Dorado, Ark., and there was no other place designated. The kind of tender claimed did not stop the full interest, but showed no suit was necessary with attorney's fees to be added. Rose v. McCracken, 20 Tex. Civ. App. 637, 50 S. W. 152; O'Connor v. Kirby (Tex. Civ. App.) 262 S. W. 554; Hermes v. Vaughn, 3 Tex. Civ. App. 607, 22 S. W. 189, 817.

[4] As a matter of course, when an abstract is delivered to the holder of a note secured by a lien on land, when that lien is discharged almost automatically the abstract with all papers concerned with the loan should be delivered to the true owner. And that would be true, too, as well with the assignee, for when the debt is satisfied the title papers should be returned to the owner.

[5] We do not think there is anything in appellee's contention that the demand of appellant for a set-off in the case is such an equitable demand as may not be determined by mathematical calculation. It is a part of one and the same contract, growing out of the same transaction, contemporaneously made. The Revised Statutes, art. 2017, among other things provides:

"The defendant may plead in set-off any counterclaim founded on a cause of action arising out of or incident to, or connected with, the plaintiff's cause of action."

Appellant always contended and expressed a willingness to pay his note when a release of the lien could be secured with the return of the abstract of title loaned and delivered with the execution and delivery of the deed of trust. Fields v. Haley (Tex. Civ. App.) 52 S. W. 115; Wanhscaffe v. Pontoja (Tex. Civ. App.) 63 S. W. 663; Kalteyer v. Wipff (Tex. Civ. App.) 65 S. W. 207; Spears & Kattmann v. Netherlands Fire Ins. Co., 31 Tex. Civ. App. 567, 72 S. W. 1018; Bullitt v. Coryell, 38 Tex. Civ. App. 42, 85 S. W. 482; Bateman v. Hipp, 51 Tex. Civ. App. 405, 111 S. W. 972.

There was no special place designated as the place of payment in Texas. The note was dated April 5, 1921; was for the sum of $3,500, payable on or before April 5, 1922, to the order of R. N. Hammond, at El Dorado, Ark. It called for 10 per cent. attorney's fees in the usual form and for an additional $5 to be added as collection fees.

[6, 7] Appellant was not in default, as the note was not presented with a release of the lien and the abstract of title, so as to require payment to be made in order to prevent appellant from making a default for nonpayment. It was not appellant's fault that the note was not paid, for the appellee was fully advised of the willingness of appellant to pay the same when the abstract of title was returned. Appellee had no right

to demand the payment when he himself was in default. Appellant by the wrongs of the appellee was forced to compel the suit so that his rights might be adjusted at the same time. O'Connor v. Kirby (Tex. Civ. App.) 262 S. W. 554.

If the data was in the record, so that the judgment could be properly reduced, it would be corrected and rendered. For the errors committed the judgment is reversed and the cause remanded for another trial.

However if appellee desires and will file, within ten days hereafter, a remittitur of the attorney's fees and credit the judgment with the value of the abstract, the judgment thereupon will be rendered for the correct amount.