**416**

JACOBS et al. v. LUDWIG.

No. 10531.

Court of Civil Appeals of Texas.
Galveston.

Oct. 22, 1936.

Rehearing Denied Nov. 19, 1936.

Andrews, Kelley, Kurth & Campbell and W. L. Cook, both of Houston, for appellants.

Perry & Sidman, of Houston, for appellee.

GRAVES, Justice.

This is an appeal from a temporary injunction granted by the court below restraining the "selling or causing to be sold at forced sale, that certain parcel of land and improvements situated thereon, to-wit: Lot No. 7 in Block No. 469½ of the Baker Addition to the City of Houston, Texas, until further orders of this court."

After careful consideration of the record, this court concludes that the challenged order was well within a sound discretion upon the part of the trial court, the facts material to be considered being substantially as follows:

The appellee had borrowed $3,000 upon the property involved from the Union Title Guaranty Company, Inc., of New Orleans, La., securing the same by his six promissory notes for $5 00 each, one maturing every six months, and a deed of trust upon the property; the Title Guaranty Company had a local office in Houston in the Union National Bank Building in charge of its agent, Mr. Hill, with whom the appellee dealt in connection with the matter and to whom he had paid the first five of the notes successively as and when they became due; on the date he thought the final note was due he likewise went to Mr. Hill for the purpose of paying it, but was told that it had been sold to the appellant, Mr. Jacobs, at New Orleans, whose address he gave to the appellee; on the same day the appellee wrote and duly mailed to Mr. Jacobs this letter:

"1513–17 Center Street,
"Houston, Texas.
"May 10th, 1933.
"FIRESTONE
(Trade Mark)
"The Mark of Quality.
"Mr. A. C. Jacobs,
"care Pan-American Furniture Factory
"New Orleans, La.
"Dear Sir:—I am enclosing my check for the amount of $16.25, being interest on my note to you for $500.00 for six months at 6½. This note is due today and I expected to have a bank here notify us that you had left it for collection with a release of Lien as this is the last note of the loan.
"We are ready to pay the note, and request you to kindly draw a draft on the San Jacinto Trust Company, Houston, Texas, and we will take care of same on notification, by them. Please attach to the draft a Release of Lien, so that this matter can be finalled.
"We trust that you will give this matter your immediate attention and thanking you in advance, I remain
"Very truly yours
"Joe Ludwig (Ink) P2675
"Hill."

Thereafter, in due course of mail, he received this reply thereto from Mr. Jacobs:

"New Orleans, U. S. A.
"May 18, 1933.
"Mr. Joe Ludwig,
"1517 Center Street,
"Houston, Texas.
"Dear Sir:—This acknowledges receipt of your check amounting to $16.25.
"You may send $500.00 to the Whitney National Bank of this city and I will deliver the outstanding note to them. You may, of course, instruct them to pay this money when the note is delivered to them.
"Very truly yours,
"A. C. Jacobs.
"A. C. Jacobs."

Subsequently, and after waiting several months in vain in expectation of receiving the note and release from Mr. Jacobs, the appellee again went to Mr. Hill and had him write out and send a release to Mr. Jacobs in Louisiana, but the latter did not send it, although he wrote Mr. Hill in reply; thereafter Mr. Jacobs came to Houston and he and the appellee had a conference about this matter in Mr. Hill's office; appellee again tendered the $500, which he had kept on hand at all times for that purpose continuously since writing Mr. Jacobs the first copied letter herein, and again insisted upon paying him the $500 in settlement of the note coupled with the release of the lien; Mr. Jacobs declined to accept the $500 tender, but expressed his desire to have the note ride along and requested the appellee instead to pay him $20 interest for carrying it two years more; this the appellee declined, upon his insistence that he only owed the $500 and wanted to pay it and get his note back, together with the requested release; the transaction stood in this condition until the filing of this suit, the appellee having been at all times ready, able, and willing, from the date of his original visit to Mr. Hill's office for that purpose, to pay the $500, provided the release of the lien was accorded him, which was never done nor tendered, appellant Jacobs having finally demanded in addition not only 10 per cent. interest after May 1 of 1933, but also 10 per cent. on both such interest and principal as attorney's fees, advertising the property for sale under the trust deed, on appellee's failure to pay all these sums.

It seems clear to this court in the circumstances that the course of dealing between the parties amounted to a waiver upon appellant Jacobs' part of any right to claim more than the $500 he had so agreed to accept, in his answering letter, so tendered him by the appellee; that reply, by implication at least, simply amounted to his saying: "I accept the sum of $16.25 for the interest due. All I want now is the principal of the note, namely, $500.00"; since he made no objection that the tender of the $500 did not include additional interest, and that, for any reason, it did not

cover the release of the lien from him, both of these objections were thereby waived (see 62 Corpus Juris, p. 644, § 14b, under the title of "Tender"); not only so, but in the attending circumstances the appellee's tender of the $500 was thus presumably acceptable to the appellant as in full settlement of the debt, coupled with the requirement that a release of the lien be given, was not an unreasonable one; on facts not in legal effect differing from those here obtaining, the Dallas Court of Civil Appeals—with the approval of the Supreme Court in its refusal of a writ of error—has so held in O'Connor v. Kirby Inv. Co., 262 S.W. 554, at page 557, in this declaration:

"Appellee had the right, not only to expect but to demand the execution of a release, whereby both the vendor's lien and deed of trust lien would not only, in effect, be released as a matter of fact or which under judicial investigation could be so ascertained, but would be released as a matter of record so as to remove even the apparent cloud from the title to the property thus encumbered, before being required to make payment of the note, thus secured by the dual lien. In this respect it was the duty of appellant O'Connor, the holder of the indebtedness, to execute such a release as, when placed of record, would remove from appellee's title the effect of the liens existing to secure the payment of the note that appellee was called upon to discharge. It was not sufficient that the release first tendered would have prevailed in a judicial contest, or by additional proof in support of same, to have freed appellee's title from the cloud that would have remained on same by virtue of the deed of trust lien not having been released. Appellee was entitled to demand and receive the full measure of protection and acquittance in this instance, and was not required to accept an instrument as a release which was incomplete in this respect, being only a means to assist in freeing its title from this burden and not within itself accomplishing such result."

Without further discussion, the judgment will be affirmed.

Affirmed.