## BAYLESS et al. v. STRAHAN.
### No. 5619.

Court of Civil Appeals of Texas. Amarillo.
June 12, 1944.

Rehearing Denied Sept. 11, 1944.

Smith, Smith & Boyd, of Beaumont, for appellants.

Adams, Hart & Daughtry, of Beaumont, for appellee.

STOKES, Justice.

On December 15, 1936, appellee, W. E. Strahan, joined by his wife, executed a mechanic's lien note in the sum of $1900, bearing interest at the rate of eight per cent per annum, payable to J. A. Jamieson in monthly instalments of $30. each during the first year and $35 per month thereafter. The note contained the provision that the maker should have the privilege of paying the entire note or any portion thereof prior to maturity. The note and contract created a lien upon a lot and the improvements located in the Bigelow Addition to Port Neches in Jefferson County and at the same time, as additional security, and as a part of the same transaction, Strahan and his wife executed a deed of trust on the same property. Jamieson, the payee, assigned the note and liens to Builders Lumber Company and the lumber company assigned them to appellant, O. A. Bayless. On September 27, 1941, by regular monthly payments, the note had been reduced to the sum of $443. and on that day the appellee, in company with his attorney, appeared at the office of the Port Arthur Abstract Company, the place of payment theretofore agreed upon, and explained to H. F. Banker, one of the partners in the abstract company and brother-in-law, agent, and attorney-in-fact of the appellant, O. A. Bayless, that he desired to pay the balance due thereon. Banker held a power of attorney from Bayless under which he had authority to execute a proper release of the liens. Appellee exhibited the money necessary to discharge the note and explained to Banker that he was ready to pay the balance due thereon provided he was furnished a proper release of the liens on his property. Banker told appellee he had authority to execute a valid release and would do so if appellee would prepare the same and furnish it to him, or that he would have a release executed by his principal, Bayless, if appellee would prepare it, but that he was not interested in a tender of the money if it was accompanied by a condition that he prepare the release. Appellee's attorney requested information concerning assignments, dates, and other data necessary to include in a proper release and told Banker that if Banker would give him the information he would prepare the release and present it for execution. The information was refused although the note, liens, and assignments were available to Banker. On September 29, 1941, appellee filed this suit in which he alleged that he had tendered payment of the note and requested the release but it had been refused. He tendered and paid the money into the registry of the court and prayed for a decree canceling the note, mechanic's lien, and deed of trust lien and for costs of suit.

Appellant answered by the general issue and specially denied that a legal tender had been made on September 27, 1941, because it was accompanied by a condition with which he was not legally obligated to comply. He also pleaded a cross action in which he prayed for judgment for the balance due on the note, including interest that had accrued after the alleged tender and the ten per cent attorney's fees provided for in the note in the event it was placed in the hands of an attorney for collection or collected by legal process, together with foreclosure of the mechanic's and deed of trust liens.

The case was submitted to the court without the intervention of a jury, and judgment was rendered decreeing to appellant the $443. that had been tendered and paid into the registry of the court by the appellee, canceling the liens, and denying to appellant any further relief. Each party was taxed with the costs that had been incurred by him.

Appellant duly perfected an appeal to the Court of Civil Appeals of the Ninth District and, in an order equalizing the dockets of the Courts of Civil Appeals, the Supreme Court transferred the case to this Court and it is now before us for review.

Appellant presents a large number of assignments of error but, in the view we take of the case, it will not be necessary to discuss them in detail. The controlling issues are presented by his contentions that the court erred in decreeing that he was entitled to receive only the amount tendered, and in denying him recovery of the interest accrued on the note after September 27, 1941, and the attorney's fees provided therein, because, first, there was no legal tender made by appellee on September 27, 1941, and, secondly, appellant was under no obligation to prepare the necessary release of the liens.

In our opinion, neither of appellant's contentions can be sustained. The evidence showed that appellee appeared at the office of the abstract company, as alleged by him, and exhibited more than

enough money to discharge the balance due on the note. While it is true he did not place the money in a position where it could be possessed by Banker, the agent of appellant, he did exhibit it and stated to the agent that he was ready to pay the note when a valid release was forthcoming and demanded such a release. Strictly speaking, this was not a legal tender, but Banker made no complaint that the money had not been laid upon the counter or put in a place where it was available to him. His rejection of it was based upon the ground that the tender was accompanied by a condition with which he was under no obligation to comply, that is, prepare and execute a valid release of the liens. A strict legal tender was therefore waived by him and, as he was the agent of the appellant, appellant was bound by his acts and conduct. It is not claimed that appellee withdrew the tender or that he did not continue it after it was made. On the other hand, only two days later appellee filed this suit and paid the money into the registry of the court. Appellant's objection to the tender on the ground that it was not a legal one will therefore be overruled. O'Connor v. Kirby Inv. Co., Tex.Civ.App., 262 S.W. 554; Haney v. Clark, 65 Tex. 93.

■■ Appellant strongly urges that he was under no obligation to prepare the release but asserts that his agent was willing to execute it if appellee or his attorney would prepare it and present it to him for execution. He asserts that the alleged tender, being accompanied by the condition that a release be properly prepared and executed by his agent, it was not a legal tender and, therefore, the court erred in denying him a recovery of the interest which subsequently accrued, together with attorney's fees. It has been held in at least one jurisdiction that the debtor who demands a release of a mortgage should tender the instrument to be executed and also the expense of its execution. Jones on Mortgages, Eighth Edition, Section 1266; Halpin v. Phenix Ins. Co., 118 N.Y. 165, 23 N.E. 482. The opposite rule has, however, been adopted by the courts of this State. Since an early day our courts have consistently held that one who holds an apparent right in an estate in connection with an indebtedness may be required to surrender his right to the true owner upon discharge of the indebtedness and that it is the duty of a lienholder to prepare, execute, and deliver to the debtor a valid re-

lease of his lien upon tender of the amount due him. Engelbach v. Simpson, 12 Tex. Civ.App. 188, 33 S.W. 596; Rutherford v. McGee, Tex.Civ.App., 241 S.W. 629; O'Connor v. Kirby Inv. Co., Tex.Civ.App., 262 S.W. 554; Urbish v. Rutledge, Tex.Civ. App., 299 S.W. 921; Jacobs v. Ludwig, Tex.Civ.App., 99 S.W.2d 416.

In the case of Engelbach v. Simpson, supra, the court discussed at length the equitable rule pertaining to such instruments and observed the course universally followed by courts of equity in removing from titles clouds created by liens and other similar instruments. The court noted particularly that when it is shown that the condition upon which the encumbrance or cloud was created has been discharged, it is the duty of the owner of the encumbrance which created the cloud to remove the cloud from the title, and when the owner of the estate is put to the necessity of bringing suit for the removal of the cloud, the costs are taxed against the holder of the instrument which created the cloud and made the suit necessary. From this universal course of courts of equity, the court concluded that where a duty rests upon a person, such as the removal of a cloud from the title of another under such circumstances, he must perform it and he is burdened with the expense of its performance.

In the case of O'Connor v. Kirby Inv. Co., supra, the court held that the debtor "had the right, not only to expect but to demand the execution of a release whereby both the vendor's lien and deed of trust lien would not only, in effect, be released as a matter of fact or which under judicial investigation could be so ascertained, but would be released as a matter of record so as to remove even the apparent cloud from the title to the property thus encumbered, before being required to make payment of the note thus secured by the dual lien [262 S.W. 557]." In that case contentions similar to those presented here were made by the appellant, and the court held that interest and attorney's fees accruing after the date upon which the appellant should have executed and delivered a proper release of the liens could not be charged against the debtor.

■ The deed of trust in this transaction provided that upon payment of the note the lien should be released at the expense of the appellee. This provision of the deed of trust charged appellee with the

expense incident to the preparation and execution of the release, but it did not relieve the appellant of the duty to prepare it and execute it. It only placed upon appellee, instead of appellant, the duty of paying the reasonable expense of its preparation and execution. Under the provisions of the deed of trust and the holdings of the courts in the cases above cited, appellant was under the obligation to prepare and execute a proper release of the liens held by him, and appellee was under the duty to pay the reasonable expense of its preparation and execution. The release not having been prepared or executed by appellant, although requested by appellee, appellant had no right to charge appellee with interest or attorney's fees that accrued after September 27, 1941, when appellee offered to pay the note. The court did not err, therefore, in entering the judgment complained of, and it will be affirmed.