### MATTIE HALE V. BONNER AND EDDY, RECEIVERS, ETC.

#### No. 3119.

1. **Mental Anguish as Basis for Damages.**—As a rule mental suffering is not an element of the damages which are recoverable for breach of a contract, or in an action for a tort founded upon a right growing out of a contract. But we see no valid reason why, if a recovery can be had for mental suffering resulting from the failure to deliver a telegraphic message announcing a death, like damages should be denied the plaintiff herein who asks damages for mental suffering caused by the delay of one day in the delivery of her husband's body shipped at San Antonio for Jefferson, Texas.

2. **Cause of Action.**—See allegations held to contain a cause of action in suit for damages by a widow against a railway company for negligence in delivery of the body of her husband shipped upon such railway.

APPEAL from Gregg. Tried below before Hon. FELIX J. McCORD. The opinion states the case.

*Todd & Rowell* and *L. J. Shluter*, for appellant.—In such case as alleged by the plaintiff, mental anguish caused by a party through negligence need not necessarily be accompanied by bodily hurt, assault, or pain in order to justify actual damages. Stuart v. Tel. Co., 66 Texas, 580; Cooper v. Tel. Co., 71 Texas, 511; Tel. Co. v. Broesche, 72 Texas, 654; Tel. Co. v. Simpson, 73 Texas, 422; Sedg. on Meas. Dam., p. 32, marg. p. 35.

*Gould & Camp,* for appellees.—1. On actions purely ex-contractu mental anguish is not an element of actual damages, although it may be the proximate result of the breach. Else all violations of contracts to pay money, convey land, warrant title, do labor, carry freight or passengers, would subject the party in default to heavy damages at the suit of the aggrieved party; and the pecuniary loss would sink into insignificance and be lost sight of in the effort to get compensation for the sentimental and illimitable mental distress caused by that disappointment which is the inheritance of us all in this world, and may be of some of us in the world to come. And if everybody was entitled to compensation for the disappointments incident to the ordinary transactions of this life they would soon bankrupt the world. 1 Suth. on Dam., pp. 78, 100, 105.

2. No person is entitled to damages for distress of mind unless injured in person, property, or reputation, and the mental anguish must be the direct result of such injury to the person, property, or reputation. Railway v. Levy, 59 Texas, 563; Morse v. Duncan, 8 Am. and Eng. Ry. Cases, p. 374; Dorrah v. Railway, 7 Am. Rep., 629; Trigg v. Railway, 49 Am. Rep., 305.

GAINES, ASSOCIATE JUSTICE.—The appellant brought this suit in the court below to recover of the appellees, as receivers of the Inter-

national & Great Northern Railway Company, damages for a failure to deliver promptly the body of her deceased husband under a contract with her for its carriage from San Antonio to Jefferson. She alleged in her petition, in substance, that her husband died at Boerne; that at the time they were sojourning at that place on account of his health, but that their home was in Jefferson; that she caused his body to be inclosed in a metallic casket and conveyed to San Antonio, where she immediately entered into contract with the agent of defendants for its carriage to Jefferson, by paying for and procuring a first-class passenger ticket to that place, known and marked as a "corpse" ticket; and that at the same time she procured tickets for herself and attendants over the same line to the same place. It was also alleged that on the 12th day of the same month the body was delivered to the agents of the defendants and placed on board the train; that she took the same train and arrived at an early hour the next morning at the depot at Jefferson, where her relatives and many friends were in waiting to accompany her dead husband to her home; but that to her great mortification and distress of mind she then ascertained that the casket containing the body had not arrived. It was further averred that, as she subsequently ascertained, the body, instead of having been sent forward by the train upon which she was carried, as should have been done, through the negligence of defendants' agents or servants, was placed in a box car and left upon the sidetrack at Palestine, an intermediate station; that it did not reach Jefferson until the 14th day of the month; and that on account of its advanced state of decomposition resulting from the delay "it was with great difficulty and much additional pain and distress of mind that she and his friends could decently inter the said remains." The petition claimed damages for mental distress, and prayed also for a recovery of exemplary damages.

A demurrer to the petition was sustained by the court, and the plaintiff having declined to amend her suit was dismissed.

She here complains of the ruling of the court upon the demurrer and asks a reversal of the judgment.

We are unable to distinguish in principle this case from those in which recoveries against telegraph companies have been allowed for failure to deliver with promptness messages announcing the death or mortal illness of near relatives. Such cases are exceptional. As a rule, mental suffering is not an element of the damages which are recoverable for breach of a contract, or in an action for a tort founded upon a right growing out of a contract. Ordinarily the object of sending a telegraphic message announcing the death or sickness of a relative is to afford the person to be benefited the solace that may result from being present during the last illness of the relative, or attending his obsequies, as the case may be. The direct result of the failure to perform the duty of delivering the message being to deprive the person

addressed of this solace and to cause distress of mind, it is not unreasonable that he should have his compensation therefor. It is upon this principle, in my own opinion, that the decisions of this court in the telegraphic cases are to be maintained. The same principle applies in this case.

But however that may be, we see no valid reason why, if a recovery can be had for mental suffering resulting from failure to deliver a telegraph message announcing a death, like damages should be here denied.

In the case of Western Union Telegraph Company v. Simpson, 73 Texas, 422, the resulting injury was somewhat similar to that in the present case. But it is insisted that the mental suffering for which a recovery was sustained in that case was the immediate result of the delay in receiving the money which the company had contracted to deliver. Some disagreeable mental emotion is the ordinary result of the failure to pay or deliver money according to promise. But the measure of damages for the breach of the contract is the money to be paid or delivered with interest. It was the fact that the plaintiff was detained in a distant State watching over the body of her deceased husband which sustained the recovery in that case.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*

Delivered October 30, 1891.