### TEXAS & PACIFIC RAILWAY v. J. E. B. GOTT.

Decided January 14, 1899.

**1.  Damages—Mental Anguish of Passenger.**

A passenger may recover for fright, worry, and mental anguish which she sustained by a carrier's breach of its contract in carrying her past her destination, although she sustained no physical injuries.  Railway v. Trott, 86 Texas, 412, distinguished.

**2.  Proximate Cause—Injury to Passenger.**

Proof that a passenger was negligently carried beyond her destination and thereby suffered from fright and want of food warrants a finding that the occurrence was the proximate cause of a sickness immediately following.

APPEAL from Dallas.   Tried below before Hon. EDWARD GRAY.

*Alexander, Clark & Hall* and *B. A. Read,* for appellant.

*H. P. Lawther* and *Holloway & Holloway,* for appellee.

FINLEY, CHIEF JUSTICE.—We take the following statement of the nature and result of the suit from the brief of appellee:

"This was an action for damages for carrying Amanda Gott, the wife of plaintiff, and a passenger of defendant railway company, past her place of destination.

"The petition alleged that defendant company was a common carrier of passengers for hire; that on the 8th and 9th days of November, 1896, the said Amanda Gott, with her son, were passengers on said company's road at its request and for a certain fare and reward, to be safely carried from the town of Texarkana to the town of Mesquite, Texas, and to be safely set down at said town of Mesquite, which defendant company then and there knew to be their place of destination.   That thereup it became and was the duty of said defendant company to use due and proper care that Amanda Gott should be safely carried on said journey and safely set down at said town of Mesquite.   That said defendant company, not regarding its duty, did not use due and proper care in setting said Amanda Gott down at Mesquite, but wholly neglected so to do, in that it negligently failed to stop its train long enough

to afford said Amanda Gott an opportunity to alight at her said place of destination.

"The petition then set forth the particulars of said negligence: That the train arrived at the town of Mesquite before daylight on the morning of the 9th of November, 1896; that neither said Amanda Gott nor her son had any timepiece; that they were both strangers to the country; were unused to travel; were worn out from loss of sleep; that said Amanda Gott was a large, fleshy woman, weighing about 216 pounds; was afflicted with rheumatism; was 46 years old, and moved about slowly and with difficulty; that she had notified the conductor more than once that she desired to get off at Mesquite, and had requested said conductor more than once to inform her when the train arrived at Mesquite; that notwithstanding, neither the said Amanda Gott nor her son knew that Mesquite had been reached until someone called out at the door, 'Mesquite;' that she and her son sat about midway of the car; that immediately upon said call they arose and gathered up their things and moved as rapidly as possible to the door; that the train continued to move, and by the time they reached the platform was going rapidly; that it was still dark, and that neither the conductor nor brakeman were there to assist or advise them; that fearful of being carried beyond Mesquite, where relatives awaited them, they hurried down the steps of the platform to alight; that the train was then moving fast; that the son jumped off and called to his mother to jump; that she put out her foot, but by that time the speed of the train was such that she feared to jump and held back; that she saw the boy, who was still running alongside the car, stumble over some boxes and apparently fall under the car; that overcome with fright and fearful for her own life, she dragged herself back into the car crying and in great distress; that as soon thereafter as the conductor came through she told him she was being carried beyond her destination; told him of her fear that her son had been killed; that she was a stranger and without money, and knew no one at any other point on defendant's road except at Mesquite, where relatives awaited her; and begged and requested said conductor to take her back to Mesquite; that he refused and brought her on to Dallas, thirteen miles west of and beyond Mesquite, and put her off; that she knew no one in Dallas; that she was in great distress of mind and physically weak from the nervous shock and the fright she had experienced, and from eating nothing since dinner the day before for want of money to buy food with, which fact she communicated to said conductor; that in this condition of mental anguish and physical suffering she remained at the depot of defendant company in Dallas for over four hours, until defendant's next train back to Mesquite, which she by accident was directed to, no servant or agent of the company waiting upon her or giving her any attention. As a result of the conditions to which she was subjected through the negligence of the railway company she was made sick, etc.

"The defendant railway company answered by general demurrer and special exceptions, (1) that plaintiff sought to recover for fright and

worry when no physical injury was alleged, and (2) that the damages sought to be recovered were too remote. By general denial and by special answer negativing plaintiff's allegations as to negligence and as to the consequence of the injury.

"The court sustained the demurrer to the petition in so far as any allegations relating to fright or distress of mind of Amanda Gott on account of any injury or supposed injury to her son were concerned, and ordered the same stricken out, but otherwise overruled the demurrer and the special exceptions and sent the case to trial to the jury, which, upon being charged by the court, brought in a verdict in favor of plaintiff for $500.

"Defendant filed a motion for a new trial, which was overruled; to which it excepted and has perfected its appeal to this court."

The facts as alleged in plaintiff's petition were fairly established by the evidence. The evidence further showed that Mrs. Gott was carried back to Mesquite from Dallas upon appellant's next passenger train, without charge, she having to wait in Dallas about three and one-half hours, and arriving at Mesquite on the return trip about 10:30 o'clock that morning.

*Opinion.*—Appellant's first and fourth assignments present, by way of exception overruled and special charge refused, the proposition that, no physical injury being shown, no recovery could be had for fright, worry, and mental anguish. We can not agree to the proposition that no cause of action was alleged and proven. It was alleged and shown that the wife of appellee was carried by her place of destination through negligence of the railway company. That instead of affording her the opportunity of getting off the train at Mesquite she was negligently taken on to Dallas, where she had to remain for three and a half hours before getting a train to return to Mesquite. That while she was attempting to leave the train, and while she was still upon the steps with one foot, and the other just touching the ground the train moved rapidly away, leaving her hanging to the guard rail, and with great difficulty and much fear for her life she got back upon the car.

She was a total stranger to the people and country, was hungry, and without money to buy her breakfast, and she suffered confusion, anxiety, and physical pain. From these causes it is alleged that she was made sick, suffered, etc. These facts clearly justified a recovery of some amount as compensation for injuries resulting from the breach of the contract of carriage. How much may be recovered is quite a different inquiry. We do not think this case comes within the rule laid down in the Trott case, relied upon by appellant, 86 Texas, 412. In the Trott case there was no contractual relation between the parties; it was strictly an action in tort, and sought to recover damages for sudden fright negligently superinduced. This case presents the same essential features found in the Kaiser case, 82 Texas, 145, though a stronger case. There

two young ladies, on their way to school, were put off at a place not contemplated by their contract of carriage. They were strangers and suffered fear and anxiety for a short while, until the principal of the school joined them and relieved their fears. They were not forcibly ejected from the train, they sustained no physical injury, they were at no greater expense, and if there was any time lost it was not shown to be of any value. They were permitted to recover solely on account of their confusion, embarrassment, anxiety, and fear caused by the negligence of the railway. If this decision be sound, and the Trott cast does not purport to overrule or even qualify it, then the facts of the present case clearly impose a liability upon the railway company for which a recovery may be had. In the telegraph cases recoveries have been allowed for mental disturbances, pure and simple, without any pretense of bodily injury. The only theory upon which we can harmonize these cases with the Trott case is, that in the former there were contractual relations between the parties which were violated, and in the latter no contractual relation existed. If this is not the proper distinction to be made, then we know of no principle of law or metaphysics upon which any distinction can rest.

Under the third and ninth assignments, the proposition is urged that the sickness of Mrs. Gott, alleged and shown to have resulted from the conditions to which she was subjected, was too remote to form any element of damage. To this theory we can not assent. She was subjected to great danger of the loss of her life by the starting and rapid moving of the train while she was in the act of disembarking. She hung to the guard rail, with one foot upon the step and the other dragging upon the ground, for considerable distance; and when by great effort she recovered her position upon the train she sank down exhausted and evidently shocked. She was physically unwell, weak, and nervous, and this occurrence alone was calculated to prostrate her. But in addition to this, she was still further subjected to conditions well calculated to increase her mental disturbance and physical pain, being taken to a point beyond her destination, put off among strangers, without any means of procuring food to satisfy her hunger and refresh and strengthen her, and there detained for several hours. The court, under appropriate and correct instructions, left the matter of proximation to be determined by the jury, and the evidence fully warranted the conclusion that Mrs. Gott suffered sickness as the proximate result of the appellant's acts of negligence.

The only other question raised which we deem it necessary to discuss is the alleged excessiveness of the verdict. The verdict is for $500. If the case had no other element in it than the mere taking of Mrs. Gott beyond the point of her destination, delaying her arrival several hours, and thus causing her inconvenience and anxiety, the verdict would appear quite large. But when to this is added the peril in which her life was placed by the starting of the train while she was attempting to get off and the shock and fright produced by it, and the resulting exhaus-

tion, sickness, and suffering, we find ourselves unable to reach the conclusion that the verdict is excessive.

In our judgment the evidence warranted the amount of damages awarded by the verdict.

None of the assignments of error are well taken, and the judgment will be affirmed.

*Affirmed.*

Writ of error refused.