**STATE NAT. BANK OF IOWA PARK, TEX., v. ROGERS.**

No. 13283.

Court of Civil Appeals of Texas. Fort Worth.

Dec. 20, 1935.

Rehearing Denied Jan. 17, 1936.

P. B. Cox, of Wichita Falls, and John C. Murphree, of Iowa Park, for appellant.

J. Earle Kuntz and Otis E. Nelson, both of Wichita Falls, for appellee.

DUNKLIN, Chief Justice.

On December 27, 1932, B. A. Rogers, a farmer, executed a promissory note payable to the State National Bank of Iowa Park, for the principal sum of $251.80 payable October 23, 1933, with interest from maturity at the rate of 10 per cent. per annum. On January 4, 1933, he executed to the bank a chattel mortgage on his two-thirds interest in a crop of wheat then growing and three-fourths interest in 30 acres of cotton to be produced by him during the year 1933; also on two mules, one horse, six head of cattle, and two plow tools, to secure payment of said note, and any future indebtedness which he might incur to the bank.

According to a finding by the jury, during the month of June, 1933, when plaintiff's crop of wheat was ready for harvesting, Carrol Duke, vice president of the bank, agreed with him that he could use a part of the proceeds of the wheat "to pay his obligations other than his note to the bank, including necessary expenses for harvesting the crop."

Thereafter, and on July 5, 1933, Rogers sent to J. I. Case Implement Company, at Dallas, his check drawn on the State National Bank of Iowa Park for the sum of $20 to be applied on the indebtedness he owed that company. The check was presented for payment on July 20, 1933, and refused. It was returned to the implement company with a notation thereon, "Insufficient Funds."

At that time the books of the bank showed a deposit balance in favor of Rogers in the sum of $38.40, which the bank applied on the note, although the same was not then due. That sum represented what was left of the wheat crop after payment of harvesting expenses. Later, the entire indebtedness of Rogers to the bank was settled out of what plaintiff realized from the bonus paid him by the federal government for reduction of his acreage in cotton.

The suit was by the plaintiff to recover damages for dishonoring his check

drawn in favor of J. I. Case Implement Company; the damages claimed being for mental suffering and humiliation, for which the jury found $100; damages to his credit, for which the jury found $300; and exemplary damages, for which the jury found $100.

Upon that verdict, judgment was rendered in plaintiff's favor for damages to plaintiff's credit as found by the jury and exemplary damages as found by the jury, aggregating $400. From that judgment, the defendant has appealed.

But the court denied a recovery for the mental anguish in the sum of $100 found by the jury, and from that ruling plaintiff has presented a cross assignment of error.

Plaintiff testified that never before had he drawn a check on a bank which was dishonored for lack of funds; that so far as he was informed, no one ever knew of the dishonor of the $20 check except the officers of the bank, who knew at the time of a balance to his credit of $38.40, and the traveling salesman of the J. I. Case Implement Company, who came to see him more than once with respect to the check; and that after the check was dishonored he received a letter from that company threatening to sue him. Further than that no testimony was offered by plaintiff to show damage to his credit.

Plaintiff testified further that the check for $20, given to the J. I. Case Implement Company, was to be applied on his note to that company that had been past due for three years. In answer to the question by his counsel whether or not the refusal of the bank to pay the $20 check injured his credit, plaintiff answered, "Well, I don't know positively, but I do think, yes." His further testimony discloses, inferentially, that he explained to the representative of the implement company, who saw him on more than one occasion after the check was turned down, that there was a credit in his favor on the bank books of $38.-40 at the time the check was dishonored, and that he had every reason to believe that the check would be honored when presented to the bank and he suffered humiliation by its refusal.

 If damages were recoverable at all, for loss of credit, the burden of proof was upon the plaintiff to establish

the same, and our conclusion is that the evidence relied on was insufficient, prima facie, to discharge that burden. Every one who knew of the dishonor of the check necessarily knew that plaintiff issued it in perfect good faith and with no intention to defraud, and, therefore, the plaintiff's act in drawing it under the known circumstances reasonably could not have impaired his credit for honesty and fair dealing. The jury's finding on that issue was therefore based on surmise only. Furthermore, in the case of Trawick v. Martin-Brown Company, 79 Tex. 460, 14 S.W. 564, 565, in which plaintiff, a merchant, sued for damages for loss of credit resulting from the wrongful levy of a writ of attachment on his stock of goods, this was said by Justice Gaines:

. "It remains to inquire whether the defendant was entitled to recover for the alleged injury to his feelings, and for loss of credit resulting from the issuing of the writ. It is too plain for argument that this does not belong to either of the classes of cases in which compensation has been allowed for mental suffering. Wallace v. Finberg [46 Tex. 35], supra, is authority for the doctrine that loss of credit is not an element of actual damages. Whatever may be the rule in other jurisdictions, that is well settled in this court. We think, therefore, that defendant's plea does not show actual damage, and are of opinion that, in cases where injury to property is claimed, exemplary damages should not be allowed without allegation and proof of actual damage.

"This therefore precludes an independent recovery for loss of credit in the present case. * * *

"Loss of credit may be looked to in assessing exemplary damages, but, according to the rule in this court, is not an element of actual damages in any case."

See, also, Hirshfield v. Fort Worth Nat. Bank, 83 Tex. 452, 18 S.W. 743, 15 L.R.A. 639, 29 Am.St.Rep. 660; Neese v. Radford, 83 Tex. 585, 19 S. W. 141; Girard v. Moore, 86 Tex. 675, 26 S.W. 945; Western Nat. Bank v. White, 62 Tex.Civ.App. 374, 131 S.W. 828.

 The case of Dycus v. Commonwealth Nat. Bank (Tex.Civ.App.) 148 S.

W. 1127, cited by appellee, is not in point here. That was a suit for damages for the bank's refusal to honor his check when he had a deposit credit in the bank sufficient to liquidate it, but which had been exhausted by payment of another check by defendant with a forged indorsement. And by reason of certain facts noted, the court held that plaintiff had suffered no loss, and therefore could not recover.

Several decisions by courts of other states are also cited announcing the general rule that when a depositor's check is wrongfully dishonored, the bank is liable to him for reasonable damages to his credit resulting from such refusal, even though he be not a merchant or trader. But as pointed out by Judge Gaines in Trawick v. Martin-Brown Co., 79 Tex. 460, 14 S.W. 564, that rule does not obtain in this state.

The judgment of the trial court denying plaintiff a recovery for mental anguish was clearly correct under the doctrine announced in 13 Tex.Jur. page 232, as follows:

■ "As a rule, mental suffering is not an element of the damages which are recoverable for breach of a contract, or in an action for a tort founded upon a right growing out of a contract. * * *

"Although mental suffering, in a proper case, has always been recognized as an injury for which damages are recoverable, the common law, from motives of public policy, so it is said, has adopted for the measurement of damages for breach of contract certain standards which exclude mental suffering. * * *

"Clearly, damages cannot ordinarily be had for mental suffering caused by the exercise of a right reserved in the contract."

Phœnix Furn. Co. v. McCracken (Tex. Civ.App.) 3 S.W.(2d) 545, and cases cited; Southwestern Bell Tel. Co. v. Cook (Tex.Civ.App.) 30 S.W.(2d) 497 (writ refused).

Cases are cited by appellee to support a recovery in this case for mental anguish on the finding of the jury on that issue, such as Hale v. Bonner, 82 Tex. 33, 17 S.W. 605, 14 L.R.A. 336, 27 Am.St.Rep. 850; Head v. Georgia Pac. Ry. Co., 79 Ga. 358, 7 S.E. 217, 11 Am.St.Rep. 434; Texas & Pacific Ry. Co. v. Gott, 20 Tex.Civ.App. 335, 50 S.W. 193; Cartwright v. Canode, 138 S.W. 792 (by this court), and Id., 106 Tex. 502, 171 S.W. 696, by the Supreme Court (a suit for damages for an unlawful seizure of plaintiff's goods); Daggett v. Wallace, 75 Tex. 352, 13 S.W. 49, 16 Am.St.Rep. 908 (a suit for breach of promise to marry); Austro-American Steamship Co. v. Thomas (C.C.A.) 248 F. 231, L.R.A. 1918D, 873, in which damages were allowed for refusal to honor a passenger's ticket for travel, although fully paid for by her and by reason of which another passenger advanced the money to pay for another ticket, thus wrongfully causing the passenger great personal embarrassment and annoyance.

We believe those decisions are distinguishable from the present suit in the character of actions asserted and the facts involved.

■ The $38.40 on deposit in favor of plaintiff was the balance remaining of the proceeds of the wheat crop, and the bank had a lien on the same by virtue of its chattel mortgage on that crop. According to the testimony of Rogers, the alleged agreement with the bank that he might use the proceeds of the wheat to pay not only the harvesting expenses but his other obligations as well occurred prior to the sale of the wheat; and, according to his own testimony, the permission so granted was a gratuity only. The later decision of Mr. Duke to apply that credit on plaintiff's debt, which was then far in excess of the deposit, rather than take chances on collecting plaintiff's debt to the bank out of what he might receive from the federal government as a bonus for plowing up a part of his cotton acreage, refuted the allegation that he acted with malice in refusing to honor the check for $20 to the J. I. Case Implement Company.

■ Under such circumstances, there was no proper basis for a recovery for mental suffering, nor for the finding of the jury of malice in refusing payment of that check, and awarding exemplary damages therefor. Texas Pac. Coal & Oil Co. v. Robertson, 79 S.W.(2d) 830, 98 A.L.R. 262, by the Commission of Appeals, and authorities there cited; 13 Tex.Jur. § 133, p. 241. Furthermore, in the absence of actual damages to

the plaintiff, there was no proper basis for exemplary damages, at all events. 13 Tex.Jur. § 132, p. 240.

Accordingly, the judgment of the trial court denying plaintiff a recovery for mental anguish is affirmed. But the judgment allowing plaintiff a recovery for loss of credit and exemplary damages is reversed and judgment is here rendered denying plaintiff such relief.

Affirmed in part; reversed and rendered .in part.