## CAUDLE et al. v. ELIASVILLE STATE BANK.

### No. 13355.

Court of Civil Appeals of Texas.
Fort Worth.

April 17, 1936.

L. H. Welch, of Breckenridge, for appellants.

Marshall & King, of Graham, for appellee.

DUNKLIN, Chief Justice.

This suit was instituted by the Eliasville State Bank against H. M. and H. R. Caudle to recover balance due on three promissory notes executed by defendants to plaintiff. The defendants filed a cross-action in the form of counterclaim to recover of plaintiff damages for breach of its alleged parol contract for an extension of the maturity of the notes from their due dates in April and May of 1934 to October 1, 1934. The court sustained a general demurrer to that cross-action, and, upon refusal of defendants to amend, the same was dismissed. Judgment was then rendered in plaintiff's favor for the amount due on the three notes in suit, and defendants have appealed from the order sustaining the general demurrer to the cross-action.

The consideration alleged to support that oral agreement of extension was in substance as follows: Defendants' agreement to properly care for the cattle and sheep covered by the chattel mortgage theretofore executed by defendants to secure said notes, by drenching, dipping, and vaccinating; and to shear the sheep, market the wool, and sell the 1934 crop of lambs and calves and apply the proceeds therefrom upon the notes, and for reimbursement of any advances by plaintiff for expenses of such care of the stock and marketing of wool, which advancements it

was further alleged plaintiff agreed to make at the time of said extension agreement.

Then follow allegations of breach of said extension agreement and damages suffered by defendants by reason thereof and for which a recovery was sought in the cross-action, with further allegations that but for reliance on said agreement defendants would have surrendered the stock to the bank at a time when plaintiff could have realized therefrom by sale on the market more than the amount of defendants' notes, but the market value thereof has later depreciated to a sum less than those notes; and further that defendants had incurred expenses for a lease to furnish grazing for the stock which they would not have incurred in the absence of the extension agreement. Also, on June 19, 1934, in violation of the extension agreement, plaintiff had applied $2,071.50 on deposit with it by defendants on their checking account to part satisfaction of said notes and, as a result thereof, their credit had been damaged by plaintiff's dishonor of several small checks drawn by defendants.

The burden was upon defendants to plead and prove a valid consideration for the alleged oral agreement of extension to support their suit for damages for breach thereof; and, if the considerations alleged were, on their face, insufficient to support that agreement, the counterclaim was subject to the general demurrer which the court sustained. Especially so since defendants assumed the burden of pleading and proving a valuable consideration to support that agreement. 10 Tex.Jur. § 289, p. 498, and decisions there cited.

The alleged oral agreement of the bank to extend the maturity of the notes to October 1, 1934, was not binding on the bank, in the absence of a further agreement by defendants, which they failed to allege, that they would forego payment of the notes until October 1, 1934, and thereby give the bank the additional interest to accrue. That point is definitely settled by the following decisions: Kirby v. American State Bank of Amarillo, 18 S.W.(2d) 599, 63 A.L.R. 1528, by the Commission of Appeals; Austin Real Estate & Abstract Co. v. Bahn, 87 Tex. 582, 29 S.W. 646, 30 S.W. 430; Hardwick v. Trinity Universal Ins. Co. (Tex.Civ. App.) 89 S.W.(2d) 500, 505; State Nat. Bank of Iowa Park v. Rogers (Tex.Civ. App.) 89 S.W.(2d) 825; Whitney v. Fuchs (Tex.Civ.App.) 82 S.W.(2d) 396.

Furthermore, defendants' agreement to do the things alleged and recited above was insufficient of itself to constitute a valid consideration for the extension agreement, since the acts done were for defendants' benefit and they were under the implied duty to the bank to thus protect its security. And, in the absence of a special contract of the bank, supported by an independent consideration, to incur such expenses, it was not liable therefor. Nor was it obligated to accept the stock in satisfaction of the notes, even if the same had been tendered, and no such tender was pleaded.

Plaintiff was not liable for the depreciation in market value of the stock while the notes were unpaid, in the absence of anything done by it to prevent payment or to prevent the sale of the stock and application of proceeds on the notes.

And the bank had the lawful right to apply the deposit with it of the $2,071.50 to the satisfaction of the notes after their maturity, especially if defendants were insolvent, as indicated by their pleading, and since they received full benefit of the deposit. 6 Tex.Jur. § 100, p. 232. Furthermore, plaintiff was not liable to defendants in actual damages for impairment of their credit, at all events, by reason of dishonor of their checks drawn against that deposit. State National Bank of Iowa Park v. Rogers (Tex.Civ.App.) 89 S.W.(2d) 825, and cases cited.

The foregoing conclusions render it unnecessary to discuss the contention made in appellants' briefs that their cross-action could be asserted in this case, since such counterclaim arose out of, was incident to, and connected with, plaintiff's cause of action, and therefore came within the principles of article 2017, Rev.Civ. Statutes 1925, and such decisions as Montgomery v. Gallas (Tex.Civ.App.) 202 S.W. 993, Alley v. Bessemer Gas Engine Co. (Tex.Civ.App.) 228 S.W. 963, and Alford v. Thomas (Tex.Civ.App.) 238 S.W. 270. But the counterclaim was the assertion of a separate cause of action, and was subject to the same rules of pleading as would be applicable to an independent suit by defendants against plaintiff on the same counterclaim. 38 Tex.Jur. § 3, p. 287, section 4, p. 289, section 6, p. 292, and section 7, p. 295.

The judgment of the trial court is affirmed in its entirety.