### TOLBERT v. McSWAIN, et al.

No. 3865.

Court of Civil Appeals of Texas. El Paso.
April 6, 1939.

On the Merits Oct. 12, 1939.

Grisham & Grisham, of Tyler, for appellant.

H. M. Harrington, Jr., and Harrington & Harrington, all of Longview, for appellees.

WALTHALL, Justice.

Appellees, Irvin McSwain and J. W. McCray, filed a motion in this case to dismiss appellant's appeal, for contempt of court and for a writ of injunction as prayed for.

This suit originated in Gregg County, Texas, and is now pending in this court on appeal.

The proceedings now before us show the following:

On June 15, 1938, appellant filed his original petition in this cause in the District Court of Gregg County, in which he sued appellees on a series of sixteen promissory notes, each dated February 1, 1938, and each note in the principal sum of $200, alleged to have been executed by appellees and payable to appellant in monthly installments, at Kilgore, Gregg County. In the suit appellant sought to foreclose a chattel mortgage lien on certain personal property itemized and described in an exhibit made a part of the petition; that on June 22, 1938, appellant caused a writ of sequestration to issue in said cause and under said writ had Ivey S. Knox, constable at Kilgore, to take into his possession all of the personal property described in the writ and in the chattel mortgage; appellees were cited to appear and did appear in the suit, and in their answer and cross action alleged that the notes sued upon were not due, sued for moneys due appellees and for damages by reason of the wrongful levy of the sequestration, and prayed for judgment vacating the sequestration. On the trial before a jury and on the verdict judgment was awarded appellees for $428.50, and $1,120 as damages for wrongful sequestration; also judgment vacating the sequestration and ordering the redelivery of the property to appellees. The court overruled appellant's amended motion for a new trial, and appellant appealed, giving as security a supersedeas bond. Appellees did not replevy the property.

In their motion in this proceeding appellees allege that appellant, on March 7, 1939, posted written notices reciting that default had occurred in the condition of the said chattel mortgage, and that all of said personal property would be sold by him at the place stated on March 29, 1939; appellees further allege, on information and belief, that appellant has taken charge of the said personal property, the 1935 Chevrolet truck, describing same, together with numerous items of tools mentioned and described in said writ of sequestration, and taken same beyond the confines of Gregg County to a destination unknown to appellees.

Appellees allege that this appeal was prosecuted "on the strength of the hereinbefore mentioned supersedeas bond; that said bond does not state or purport to state that the appellant seeks to appeal from a portion only of said judgment, for which reason the appeal is an appeal from the judgment in its entirety; that said purported supersedeas bond stays the hand of the trial court and of these appellees under said judgment, and has the effect of holding the entire controversy and property in status quo pending termination of the appeal by this court, and required the said constable, Ivey S. Knox, to maintain custody of all of said personal property pending the outcome of this appeal."

Appellees submit that when appellant, as stated, took possession of the property and proceeded to advertise same for sale under the terms of the chattel mortgage that he thereby abandoned his appeal, such proceeding being in direct contravention of appellant's appeal, and has the effect of destroying the subject matter of the appeal and making moot that part of the judgment which dismissed appellant's cause of action and which vacated the writ of sequestration and directed the redelivery of the property to appellees.

Appellees pray for judgment dismissing appellant's appeal, and, in the alternative, move that in the event they are not entitled to have the appeal dismissed, they ask that appellant, the constable, and appellant's attorney be cited to show cause why they should not be held in contempt, and for a writ of injunction restraining the sale of the property and requiring all the property restored by said constable, and for such alternative relief appellees refer to and adopt the above statement as part of their alternative motion, and further say: That during the pendency of this cause in the trial court no replevy bond having been delivered to the said constable by either appellant or appellees within the period of time allowed by the statute or prior to the time appellant perfected his appeal, that thereafter said constable, acting as an officer of this court, was not authorized in law to accept a replevy bond from appellant pending appeal; that after appeal, by delivery of the replevy bond and the taking possession of the property thereunder, as alleged, would and did destroy the status quo of the subject matter of the appeal and would and did trench upon the jurisdiction and power of this court; that if appellant is not restrained he will make sale of said property and appellees will suffer irreparable loss and damage for which they have no adequate remedy in the lower court, that court having lost jurisdiction both of the parties and the subject matter of the suit by reason of the appeal; by reason of the above appellees urge the necessity of a temporary restraining order preventing the sale, and thereafter a temporary injunction restraining appellant from proceeding with said sale pending this appeal.

Appellees further submit that they have a mandatory injunction commanding that appellant redeliver said property to said constable, Knox, and commanding said constable to repossess all of said property and to hold same in his possession until the final determination of this cause of action.

The above is duly verified and the residence of each of the parties in the proceeding is stated. Also there is in the record exhibits of the several matters of record and matters not of record, referred to in the above statement.

The parties against whom complaint is made as above were cited by this court to appear and show cause as indicated, and they have filed answer herein.

Appellant Tolbert, joined by his counsel, and Ivey S. Knox, as respondents, answered by general demurrer to the motion to authorize any of the relief sought, and further say, in substance: By their verified answer they admit that the constable accepted a replevy bond filed by appellant Tolbert, and did deliver to Tolbert the mortgaged property in question; Tolbert says the property was in his building when so delivered and is yet stored therein; that there was no physical transfer of the property; respondents admit that they have advertised the mortgaged property to be sold on March 29, 1939; they admit "all mat-

ters and facts as reflected by the statement of facts and transcript as filed in this cause now pending before this honorable court"; Tolbert admits that as plaintiff below and after the judgment was rendered against him and his action was abated insofar as it related to his suit upon his note and mortgage that he did replevy the property and claimed possession thereof by virtue of the replevy, and claims that he has the right to the property in addition thereto by virtue of the provision of his mortgage as shown in the statement of facts; that whether he holds by replevy or by the terms of the mortgage, he, nevertheless, has the right to hold it; Tolbert says that it is his purpose to now sell the property under the terms of the mortgage and the authority given therein, unless directed by this court not to make such sale, and that if this court should direct that no sale be made, upon notice of such direction through the clerk of this court or otherwise, he will observe the directions of this court and that an injunction is not necessary; that since this motion is set for hearing on March 30, 1939, and the proposed sale is now advertised under the provisions and power of the mortgage appellant is calling off the sale for the present and will not readvertise the property for sale until a disposition is made of this motion.

Appellant submits that the statute does not fix a time limit within which appellant may replevy the property. However, appellant in his answer insists that he has the right to possession of the property under the terms of the mortgage.

Appellant having answered that his proposed sale of the property under said advertisement has been called off, and, if we understand appellant's answer, that an injunction preventing such sale is not necessary; that should this court disagree with him in his contention that he has a right now to the possession of said property and to advertise and sell it under the authority given in the mortgage, he will, simply on notice of such disagreement on the part of the court, abide by the directions of this court as to such possession, advertisement and sale of the property.

Under such assurance on the part of appellant this court will not at this time direct the issuance of the injunction.

■ We do not agree with appellant in his contention that he has the right to the possession of the property at this time; nor do we agree with appellant that he has

the right at this time to advertise and sell the property under either his replevy or the mortgage. After the constable makes his return on the sequestration writ he is no longer holding the property under the sequestration, but under the direction of the writ he keeps the property subject to the future order of the court. That is the effect of the officer's levy and return and constitutes a judicial deposit of the property in the custody of the court for ultimate disposal by the court. The return made by the officer as to the description of the property should conform to that of the affidavit made in securing the writ rather than that of the mortgage.

■ The property then is in the custody and possession of the officer for the purpose of the suit, and the appellant has no right during the pendency of the suit to disturb that possession.

■ Appellant in his answer claims the right to possession of the property and to sell it under the provisions and terms of his mortgage. He might have such right in the absence of any suit on the debt the mortgage was given to secure, but not thereafter and pending the suit on the debt. The mortgage is simply an incident to the debt, merely a security for its payment; the debt being one of the essentials of the mortgage, it is evident that the debt must be established where it is contended that the deed was intended to operate as a mortgage. Here, appellant brought his note into a suit to establish the debt; the establishment of the debt is one of the vital issues pending in the suit, and until that is done the mortgage is of no effect and the property given in the mortgage to secure the payment of the debt when established must not be disturbed.

■ Under the facts of the case we do not feel disposed to hold the parties in contempt, but we do insist that the constable must reinvest himself of the property and remain in possession of the property to abide the final result of the suit.

We have concluded that we will not determine in this proceeding whether appellant has abandoned his appeal, but will leave that question to be decided in the suit now pending and as yet not briefed.

PRICE, Chief Justice.

This is an action on sixteen promissory notes in the sum of $200 each and for the foreclosure of a chattel mortgage lien secur-

ing, the indebtedness. After the filing of the suit appellant, hereinafter called plaintiff, caused writ of sequestration to be levied, and the property described in the chattel mortgage to be seized thereunder. Appellees, hereinafter called defendants, filed answer consisting of a general exception, general denial, a plea that the notes sued on were not due on account of an extension agreement, a counter-claim for work and labor furnished plaintiff of the agreed value of $436.56, and a cross action seeking damages, actual and exemplary, for wrongful sequestration. Plaintiff filed supplemental petition urging a general exception to defendants' answer and cross action, and special exception was leveled at the plea in defendants' answer setting up the defense as to the extension agreement. The exceptions were overruled by the Court. The plaintiff duly preserved exception to the action of the Court. The case was tried to a jury. Same was submitted on special issues and the jury returned its verdict which was accepted by the Court. The Court entered judgment thereon against the plaintiff in favor of defendants on their counter-claim to the extent of $428.50, and judgment that defendants Irvin McSwain and J. W. McCray recover of the plaintiff, Julian Potter and R. F. Stegall, his sureties on the sequestration bond, the sum of $1,120. Eight hundred and forty dollars of this last named amount was damages for the loss of the use of the property levied upon under plaintiff's writ of sequestration; $280 was the amount of exemplary damages assessed by the verdict. The judgment further provided that the writ of sequestration be vacated, set aside, held of no further effect, and ordered the constable to redeliver the property to the defendants. Plaintiff excepted to the judgment and gave notice of appeal.

In view of some of the issues involved in this appeal it is deemed necessary to set out some of the proceedings in chronological order.

Plaintiff's petition was filed to the District Court on the 15th day of June, 1938; on June 22, 1938, plaintiff filed affidavit and bond for sequestration; writ forthwith issued thereon and thereafter the property described in plaintiff's affidavit was seized by the constable; the property was seized prior to the service of citation on defendants, or either of them; on September 6, 1938, defendants filed answer and cross action; the verdict was returned by the jury on September 15, 1938; on September 17, 1938, a motion called a "motion for a new trial" was filed by plaintiff. This motion will be later referred to herein. On October 3rd defendants filed a motion for judgment and on October 7, 1938, plaintiff filed motion for judgment non obstante veredicto, the defendants accepting service thereon; plaintiff's motion was overruled on October 7th; the judgment hereinbefore described was rendered on October 7, 1938, and recorded on the 12th of that month; on October 19, 1938, plaintiff filed what was denominated as his "second amended motion for a new trial," upon which is founded his assignments of error herein. This motion was overruled on the day it was filed, and in open court plaintiff excepted and gave notice of appeal to the Court of Civil Appeals, Sixth Supreme Judicial District. On October 20, 1938, plaintiff filed bond for appeal in the sum of $4,500, which was on the same day approved by the district clerk. The condition of this bond was as follows: "That such appellant, J. R. Tolbert, shall prosecute his appeal with effect, and in case the judgment of the Supreme Court or the Court of Civil Appeals shall be against him, he shall perform his judgment, sentence or decree, and pay all such damages as said Court may award against him."

On October 25, 1938, defendants filed a motion praying that the court amend the judgment theretofore entered in the cause. On the 4th day of November, 1938, the court made order that the judgment be amended. The effect of the amendment was that plaintiff's cause of action against the defendants on the notes sued on be dismissed without prejudice to the right of plaintiff to maintain a suit thereon at such time in the future as said notes became due. On November 16, 1938, the record was filed by the Clerk of the Court of Civil Appeals, Sixth Supreme Judicial District. The case was duly transferred by that Court to this, the record being filed herein on the 24th day of January, 1939.

On the 12th day of March, 1939, defendants filed in this Court a motion to dismiss the appeal, or in the alternative, to cite appellant for contempt and for writ of injunction. Notice duly issued on said motion and plaintiff filed reply thereto. On a hearing the motion, insofar as it was to punish for contempt and to issue mandatory injunction, was denied; insofar as it was to dismiss the appeal it was passed for dis-

position in the final consideration of the cause.

The motion of defendants alleged in substance the judgment rendered in the District Court; the perfection of the appeal therefrom; that defendants did not replevy the property seized by the constable under the writ of sequestration, and that the plaintiff had not done so; that on or about the 6th day of March, 1939, by virtue of a replevy bond tendered by plaintiff to Ivey S. Knox, the constable holding such property under the writ of sequestration, the constable delivered said property to plaintiff; that plaintiff was about to sell the property under the power claimed in the mortgage and would do so unless prevented. In the written order overruling the motion to the extent hereinbefore indicated it was stated: "Appellant Tolbert, joined by his counsel and Ivey S. Knox, as respondent, answered by general demurrer to the motion to authorize any of the relief sought; and further say in substance by their verified answer that they admit that the constable accepted the replevy bond filed by appellant Tolbert and did deliver to Tolbert the mortgaged property in question; Tolbert says that the property was in his building when so delivered and is yet stored therein, that there was no physical transfer of the property; respondents admit that they have advertised the mortgaged property to be sold on March 29, 1939 * * *. Tolbert says that it is his purpose to now sell the property under the terms of the mortgage and the authority given therein unless directed by this Court not to make such sale, and that if this Court should direct that no sale be made, upon notice of such direction, through the Clerk of this Court, or otherwise, he will observe the directions of this Court, and that an injunction is not necessary; that since this motion is set for hearing on March 30, 1939, and a proposed sale is now advertised under the provisions and powers of the mortgage, appellant is calling off the sale for the present and will not readvertise the property for sale until a disposition is made of this motion. * * * Under such assurance on the part of the appellant, this Court will not at this time direct the issuance of the injunction. * * * Under the facts of the case we do not feel disposed to hold the parties in contempt, but we do insist that the constable must reinvest himself of the property and remain in possession of the property to abide the final result of the suit."

The ruling of the Court on the application for injunction had the effect of holding the property in the custody of the Court. We assume that the ruling has in all respects been observed.

■ Judgment of the trial court definitely adjudicated that plaintiff's suit had been prematurely brought. This was its legal effect, in our opinion without the amendment thereof. This judgment remaining in effect, upon plaintiff's notes becoming due he had a perfect right to pursue the remedies provided in the chattel mortgage. The judgment was that his suit be dismissed without prejudice. Under the mortgage he had a right to take peaceful possession of the property on default and to sell it to satisfy his claim. On the other hand, he did not have the legal right to seek a judicial foreclosure and at the same time resort to the extra judicial foreclosure provided for in the instrument. Kelly v. R.-F. Finance Corp., Tex.Civ.App., 60 S.W.2d 1067, and cases there cited. So long as the appeal was pending appellant was seeking a judicial foreclosure of his lien. If plaintiff had consummated an extra judicial foreclosure during the pendency of this appeal, there could be little doubt in our minds as to the legal effect of such action on this appeal. Bolen v. Cumby, 53 Ark. 514, 14 S.W. 926; Coston v. Lee Wilson & Co., 109 Ark. 548, 160 S.W. 857; Albright v. Oyster, 8 Cir., 60 F. 644; Mastin v. May, 130 Minn. 281, 153 N.W. 756; Hutton v. Pease, 190 Ark. 815, 81 S.W.2d 21.

■ The plaintiff has abandoned his efforts to sell the property under the mortgage. He has restored same to the custody of the constable. In view of these facts we overrule the motion to dismiss the appeal.

It is contended that plaintiff's assignment based on his second amended motion for a new trial should not be considered because plaintiff failed to file motion for a new trial within two days after judgment was rendered. A verdict was returned on September 15, and on the 7th of October judgment was pronounced thereon. On September 17th plaintiff filed what he denominated "motion for a new trial." This motion, omitting everything except the body thereof, was as follows:

"Comes now the plaintiff J. R. Tolbert and moves the Court to grant him a new trial and says:

"1. That the verdict of the jury is contrary to the evidence in this case.

"2. That the verdict of the jury is contrary to the law in the case.

"3. That the verdict is contrary to both the law and the evidence adduced at the trial of this cause.

"Wherefore, plaintiff prays that he be granted a new trial herein."

On October 19th he filed what was denominated his "second amended motion for a new trial," and on the same day the Court considered and overruled same. There does not appear in the record a first amended motion for a new trial, nor leave to file the same, nor leave to file second amended motion for a new trial. We presume that the motion set out and the motion filed on the 19th of October were the only motions filed for a new trial.

It is contended that the motion filed on September 17th was not a motion for a new trial, but a mere motion to set aside the verdict, and that plaintiff did not file motion for a new trial within two days after rendition of the judgment. The case of City of Wichita Falls v. Brown, Tex.Civ. App., 119 S.W.2d 407 is cited as authority to show the insufficiency of the motion filed September 17th to constitute a motion for a new trial.

■ We assume, without so deciding, that it was insufficient. The term of court had not adjourned at the time the so-called amended motion was filed and considered. The Court still had power to grant or refuse the motion. There likewise may have been power to refuse to consider the motion. The court elected to consider and overrule same. In our opinion, the motion is sufficient to support the errors assigned. Dittman v. Model Baking Company, Tex.Com. App., 271 S.W. 75, and cases cited therein.

It is sought in appellees' brief that we should not consider certain of the assignments of error and the propositions relative thereto because the brief fails to show to which assignments of error same are germane. In short, that there has been a violation of Rule 30 for the government of Courts of Civil Appeals. It is probably true that plaintiff's brief fails in many respects to conform to the rules for proper briefing and is perhaps subject to the criticism in this respect made by defendants, but as we shall dispose of this appeal on fundamental and basic matters appearing from the record, we deem it unnecessary to pass upon the points raised as to the sufficiency of plaintiff's brief.

A determination of the entire case depends upon the correct solution of the question as to whether or not appellant's notes were due at the time he instituted his suit. If due, the proposition as to wrongful sequestration passes out of the case. The mortgage gave the right of possession in case there was a default as to payment. In Bordelon v. Philbrick, 125 Tex. 460, 84 S.W.2d 710, 715, it is said: "It seems to be well settled that if one is in possession of property under mortgage which permits the mortgagee to take possession on default, he cannot maintain an action for damages if the property is taken under some kind of a writ, even though the writ be wrongfully procured." The case of Brunson v. Dawson State Bank, Tex.Civ.App., 175 S.W. 438, is cited as supporting the proposition announced.

Plaintiff's petition declared on a series of sixteen promissory notes in the sum of $200 each, each containing an optional accelerating maturity clause. Two or more of these notes on their face showed to be past due. The petition averred a default and the election of plaintiff to declare the series due. The only defense plead by defendants to defeat a right of recovery upon the notes was as follows:

"These defendants would further show to the court that on or about the 16th day of May, 1938, the defendant Irvin McSwain while working in the building of an air compressor station was very severely burned on his left arm and entire left side by the ignition of gas in the trench where he was working, the injury sustained by said defendant being so severe that he was confined to bed for many days and unable to work, and from which injury he had not recovered so as to be able to go back to work at the time of the institution of this suit. These defendants would show to the court that the plaintiff waived the payment on the notes herein sued on and the parties plaintiff and defendants agreed to extend the time of payment of said notes until such time as defendant Irvin McSwain had recovered from his injury and was able to go back to work, said notes to bear the same rate of interest during said extended time of payment, and these defendants relied upon said agreement of extension of time of payment and did not undertake to make pay-

ment on the notes due up to June 20th, 1938, because they had agreed not to pay same prior to such extended due date.

"These defendants would respectfully show to the court that they relied upon the promise of the plaintiff to extend the time of payment of said notes as set forth hereinabove, believing that they had a right to rely upon such extension of time and did rely upon such extension of time and exercised the privilege granted to them to defer the payments that would otherwise have been due on the 20th day of May and June, 1938, and respectfully show to the court that the plaintiff is now estopped to maintain this suit based upon the alleged default on the part of these defendants and is estopped to determine the balance of said notes due as he is undertaking to do in the institution of this suit."

Plaintiff by supplemental petition urged exceptions to the sufficiency of these allegations. These exceptions were overruled by the court and in the order overruling same the exception appears.

A valid extension of notes is founded on contract. In order to constitute a valid enforceable contract of extension, it must be supported by a valid consideration and the duration of the extension must be for a definite period. During the period of the extension provided for the maker cannot have the right to make payment. 8 C.J., p. 426, § 628; 10 C.J.S., Bills and Notes, § 265, p. 760; Benson v. Phipps, 87 Tex. 578, 29 S.W. 1061.

Let us consider the pleading in the light of these well established legal principles. As to consideration, the pleading does state: "The parties plaintiff and defendant agreed to extend the time of payment of said notes until such time as defendant Irvin McSwain had recovered from his injury and was able to go back to work, said notes to bear the same rate of interest during the said extended time of payment."

The allegation of the terms of an oral contract does not necessarily import a consideration. Hardwicke v. Trinity Universal Ins. Co., Tex.Civ.App., 89 S.W.2d 500, and cases cited.

It is necessary to plead consideration of an oral contract in order to recover thereon. Cisco & N. E. R. Co. v. Ricks, Tex. Civ. App., 33 S.W.2d 878, and cases cited; Caudle v. Eliasville State Bank, Tex.Civ. App., 93 S.W.2d 779.

The portion of defendants' answer quoted does not show whether the agreement was written or oral. Both appellees and appellant concede in their briefs that the agreement, if any, was oral. The pleading does not aver the agreement was in writing so as to show that same imported a consideration. It fails to show that defendants bound themselves not to pay the notes during the alleged period of extension. We do not believe that this vital and necessary fact can be inferred from the answer of defendants.

We are further of the opinion that the answer as quoted is insufficient to raise the issue of waiver. It lacks allegation of any action or non-action taken in reliance on the alleged agreement; it does not allege that defendants, but for the agreement, could and would have paid up the delinquencies. The legal consequence of the default in the payment of the notes as they matured was that appellant had the option of maturing all of the series. If the agreement was not sufficient to preclude appellant from proceeding with the collection of the notes due, it was not sufficient to preclude him from declaring the remainder of the notes due.

It seems to us there is another fatal defect in the pleading. Under the law the period of extension must be definite. This requirement is as vital and essential as any other term of the contract. The allegation in substance was that defendant McSwain was then (the time of making the contract) suffering from a disabling personal injury and that the time of payment of said notes was extended until such time as he was able to go back to work. In order for an extension to be certain and definite the event terminating its duration must be of certain occurrence. 8 C.J. p. 428, Notes 34, 35; 10 C.J.S., Bills and Notes, p. 761, § 265; Goodman Mfg. Co. v. Mammoth Vein Coal Co., 185 Iowa 253, 168 N.W. 912; Workman v. Ray, Tex.Civ.App., 180 S.W. 291.

McSwain might never have been able to return to work.

In view of another trial it is appropriate to discuss another matter. Defendants set up in their answer by way of a counter-claim or setoff an account for work and labor aggregating $436.56, and sought to have same credited on the notes. Plaintiff, by special exception, challenged appellees' right to plead said account as a setoff

or counter-claim. If the account grew out of or was connected with the cause of action asserted by appellant or was a liquidated demand, defendants had the right to set same off as against plaintiff's demand. Art. 2017, R.S., 1925. It does not clearly appear that the account was founded on a cause of action arising out of or incident to or connected with plaintiff's cause of action. In the case of Jones v. Hunt, 74 Tex. 657, 12 S.W. 832, a statement in the opinion of the Supreme Court of Georgia is at least impliedly approved to the effect that "whenever the amount of a debt due is agreed upon by the parties or fixed by operation of law, same is liquidated." The case of Taylor et al. v. Bewley, 93 Tex. 524, 56 S.W. 746, holds that where the recovery of the market value of goods is sought, the claim is unliquidated; that where an agreed price is sought to be recovered the claim is liquidated. The same test should be applied to claims for work and labor. However, by agreement of the parties an unliquidated demand may be urged against a liquidated demand.

We think the case of Taylor et al. v. Bewley, supra, furnishes the proper way to determine whether defendants have a right to plead this account as a counter-claim in the absence of an agreement that same be set off against the notes.

It is ordered the case be reversed and remanded.